Argued September 22, reversed October 12, objections to cost bill sustained in part and motion to recall mandate denied December 21, 1926.

## STATE *v.* GEORGE F. WAY.

(249 Pac. 1045; 251 Pac. 761.)

**Homicide—Failure in Murder Case to Give Instructions Relative to Excusable Homicide Held Error (Or. L., §§ 1910, 1911).**

1. Failure to give instructions relative to excusable homicide, under Sections 1910, 1911, Or. L., *held* error, since defendant's testimony was sufficient foundation for such instruction, party having right to charge on theory of case if supported by any evidence.

### ON OBJECTIONS TO COST BILL.

**Costs—Settlement of Claims for Costs and Disbursements is Separate, Though Ancillary Proceeding.**

2. Matter of settlement of claims for costs and disbursements is proceeding separate, though ancillary, from main proceeding, case being original in Supreme Court so far as expenses of litigation there are concerned.

**Costs—Recalling of Mandate by Supreme Court on Merits of Principal Case Held not Necessary to Consideration of Question of Costs and Disbursements (Or. L., § 569).**

3. Proceeding for settlement of claims for costs and disbursements being separate and independent, it is not necessary to recall mandate conveying to Circuit Court, Supreme Court's decision on merits of principal case, in view of Section 569, Or. L., separate litigation having arisen, since mandate, on subject of costs and disbursements, and Supreme Court not having lost jurisdiction to adjudicate matter.

**Costs—It is No Objection to Allowance of Cost Bill That It was not Filed in Supreme Court Before Mandate Reversing Conviction was Sent Down (Or. L., § 569; Laws 1921, pp. 140, 621).**

4. Objection by state to allowance of items on defendant's cost bill, after reversal of conviction of murder in first degree, made because cost bill was not filed in Supreme Court before mandate was sent down, must be overruled; proceeding settling claims for costs and disbursements being separate and independent of chief litigation, in view of Section 569, Or. L., and Laws of 1921, pages 140, 621.

**Costs—Trial Fee, Included in Cost Bill, Held not Recoverable by Defendant After Reversal of Conviction (Or. L., § 1608).**

5. Defendant to first degree murder prosecution, after reversal of conviction *held* not entitled to recover trial fee as disbursement; such fee not having been chargeable against him, appeal being matter of right under Section 1608, Or. L.

1. See 13 R. C. L. 933.

Costs—No Trial Fee can be Demanded of Defendant Coming to Supreme Court on Appeal as a Matter of Right, Under Statute (Or. L., § 1608).

6. When as "matter of right," under Section 1608, Or. L., defendant comes to Supreme Court on appeal, no trial fee can be demanded of him.

Criminal Law—Criminal Statute, Making Appeal from Conviction Matter of Right, Held not Repealed by Implication by Subsequent Statute (Laws 1921, p. 621; Or. L., §§ 1606, 1608),

7. Repeals by implication not being favored, Laws of 1921, page 621, *held* not applicable to criminal cases and not affecting Section 1608, Or. L., making criminal appeal given by Sections 1606 and 1607, Or. L., matter of right; Criminal Code being said to be complete in itself.

Costs—Cost Bill of Defendant, Filed After Reversal of Murder Conviction, Would be Assessed Against County from Which Appeal Emanated (Laws 1921, p. 140).

8. Cost bill of defendant, filed with Supreme Court after first degree murder conviction had been reversed, would be assessed against county from which appeal emanated, in view of Laws of 1921, p. 140, fastening liability upon that county.

---

Costs, 15 C. J., p. 277, n. 14, p. 335, n. 36, p. 341, n. 64 New.
Criminal Law, 16 C. J., p. 271, n. 9.
Homicide, 30 C. J., p. 338, n. 89, p. 389, n. 51.
Statutes, 36 Cyc., p. 1071, n. 25, p. 1140, n. 62.

From Klamath: A. L. LEAVITT, Judge.

Department 1.

REVERSED.

For appellant there was a brief and oral arguments by *Mr. C. F. Stone* and *Mr. J. H. Carnahan.*

For respondent there was a brief and oral arguments by *E. L. Elliott,* District Attorney, and *Mr. Horace M. Manning,* Special Prosecutor.

BURNETT, J.—1. The defendant has appealed from a conviction of manslaughter under an indictment charging him with murder in the first degree, wherein it is alleged that he killed one Timothy T. Murphy. In substance, the record shows that the de-

fendant and decedent were owners in common of a
band of sheep which they divided between themselves;
afterward a dispute arose between them as to the
ownership of a black sheep in the band in possession
of Murphy, both claiming it. There were no eye-
witnesses to the combat except the participants. It
is admitted that the defendant was armed with a
Luger pistol.

For the prosecution there was testimony from the
decedent's brother that the deceased told him that
the defendant had beaten him over the head with a
pistol and that simultaneously, he said he was about
to die, and immediately lapsed into unconsciousness,
from which he never recovered. There was evidence
to the effect that an autopsy disclosed that over each
ear the flesh was bruised almost to pulp, more over
the left than over the right, and that above and in
front of the left ear was a depressed fracture of the
skull in the temporal region in the shape of the letter
U about a quarter of an inch across the base and
about three eighths of an inch on the arms of the let-
ter. Death was attributed to intracranial hemor-
rhage.

The defendant himself testified, in substance, that
he went to demand the sheep and a quarrel ensued
in which he charged Murphy with an attempt to steal
the animal, whereupon the decedent called him a liar
and immediately threw himself into an attitude as
if to fight; that they engaged in a fist fight in which
he knocked the decedent down twice, using only his
fists; that Murphy declined to fight further, where-
upon the defendant procured water for him and he
washed his face; that they then walked together about
a quarter of a mile toward Murphy's camp and at the
same time in the direction where the defendant's

sheep were being herded; that, nearing the decedent's camp, they again quarreled in about the same manner, when the deceased dropped the bridle reins of the horse he was leading, assumed a hostile attitude, whereupon the defendant again knocked him down, using only his fists. He denied having used the pistol in any manner whatever, contending that it was not out of its holster at all.

It is laid down in Section 1910, Or. L., that:

"The killing of a human being is excusable when committed,— * *

"2. By accident or misfortune in the heat of passion, upon a sudden and sufficient provocation, or upon a sudden combat, without premeditation or undue advantage being taken, and without any dangerous weapon or thing being used, and not done in a cruel or unusual manner."

The next section of the Code reads thus:

"Whenever, on a trial of a person indicted for murder or manslaughter, it shall appear that the alleged killing was committed under circumstances or in cases where, by law, such killing is justifiable or excusable, the jury must give a general verdict of not guilty."

The principal ground for the defendant's appeal is that the Circuit Court refused to give to the jury any instruction upon the subject treated by these sections. Among others to the same general effect, the defendant requested the court to charge the jury as follows:

"I instruct you that the killing of a human being is excusable when the same is accidental, or is the result of misfortune, or done in the heat of passion, or upon a sudden and sufficient provocation, or upon a sudden combat, without premeditation or undue advantage being taken, and without any dangerous weapon or thing being used, and not done in a cruel or inhuman

manner. Therefore, gentlemen, in this case, if you find that the defendant and the deceased engaged in mutual combat in the heat of passion and no undue advantage was taken of deceased by defendant and no dangerous weapon was used by defendant in such combat, you must render your verdict for the defendant. Excusable killing means a killing in such manner and under such circumstances that the law imposed no punishment or penalty therefor.''

This request and all others made by the defendant were refused by the court and no instruction was given on that aspect of the case. The defendant was entitled to such a charge under the sections of the statute above noted. The testimony of the defendant himself was sufficient foundation to authorize the court thus to instruct the jury, leaving the question of fact upon which it was based for the determination of the jury. It is well settled that either party has a right to a charge to the jury on his theory of the case if there is any testimony to which the same may be applicable as a principle of law. Such instructions under statutes almost precisely like our own have been approved in *State* v. *Coff,* 267 Mo. 14 (183 S. W. 287); *Campbell* v. *State,* 111 Wis. 152 (86 N. W. 855), and *Ryan* v. *State,* 115 Wis. 488 (92 N. W. 271). The authorities cited by the prosecution to the effect that academic instructions must not be given are not applicable to the instant case because, as stated, there was testimony to which the instruction tendered was *apropos.*

Possibly by a slip of the tongue or owing to an erroneous report of the charge, error is apparent in a definition of murder in the first degree as stated in the charge but no further notice will be taken of the matter because under a previous decision of this court the defendant cannot hereafter be convicted of a

greater crime than manslaughter: *State* v. *Steeves*, 29 Or. 85 (43 Pac. 947).

Other assignments of error are deemed unimportant and will not be discussed. For the fault, however, of refusing instructions relative to excusable homicide, the judgment is reversed and the case remanded for a new trial.   REVERSED AND REMANDED.

McBRIDE, C. J., and BEAN and COSHOW, JJ., concur.

Objections to cost bill sustained in part December 21, 1926.

ON OBJECTIONS TO COST BILL.

(251 Pac. 761.)

For appellant, *Mr. C. F. Stone* and *Mr. J. H. Carnahan.*

For respondent, *Mr. W. A. Wiest,* District Attorney.

BURNETT, J.—Having secured a reversal of the judgment of conviction in the Circuit Court by the decision handed down in this court October 12, 1926, the defendant served on November 20, 1926, and two days later filed his cost bill here, claiming

| | |
|---|---|
| Trial fee | $  6.00 |
| Costs | 15.00 |
| Transcript of testimony | 178.00 |
| Appellant's brief | 21.00 |
| Total | $220.00 |

Meanwhile the mandate on the decision on the merits had been forwarded to the Circuit Court November 5, 1926. On December 6th the state filed objections to the cost bill. The state has also filed a motion to strike out the motion to recall the mandate

because the motion to recall was not served prior to filing.

2, 3. The matter of the settlement of claims for costs and disbursements is a separate, though ancillary, proceeding. In a sense it is original in this court so far as the expenses of the litigation here are concerned. The principle is declared in *Lemmons* v. *Huber,* 45 Or. 282 (77 Pac. 836); *Perkins* v. *Perkins,.* 72 Or. 302 (143 Pac. 995); *School District* v. *Alameda Construction Co.,* 87 Or. 132 (169 Pac. 507, 788); *Pittock's Will,* 102 Or. 196 (202 Pac. 216, 17 A. L. R. 218). Being thus substantially a separate and independent proceeding, it is not necessary to recall the mandate conveying to the Circuit Court our decision on the merits of the principal case. Since that was concluded, there has arisen separate litigation between the parties on the subject of costs and disbursements. This court has not yet lost its jurisdiction to adjudicate that matter. In that feature of the dispute, the statement of disbursements and the objection thereto constitute the pleadings upon which the court determines the issues thus raised: Or. L., § 569.

As stated, the filing of the cost bill is not affected by the mandate in the principal case. The bill was filed before the first day of the next succeeding term of this court and, having been served on the adverse party, it was in time: Or. L., § 569; *Pittock's Will, supra.*

By Chapter 88, Laws of 1921, is enacted that:

"In all criminal actions the county shall be liable for costs on appeal to the supreme court and with like effect as in the case of natural persons, upon reversal of the judgment of the lower court; and such costs shall be paid in the first instance by the county from which the appeal is taken."

Likewise Chapter 322, Laws of 1921, provides that:

"When costs are allowed to the prevailing party on appeal to the supreme court the appearance fees, trial fees, attorney fees, as provided by law; the necessary expenses of transcript or abstract, as the law or rules require; the printing required by rule of the court, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal, shall be taxed in the supreme court as costs of the appeal."

The fees of the official reporter for making transcripts of the testimony are fixed at fifteen cents per folio of one hundred words by Section 931, Oregon Laws.

"A disbursement which a party is entitled to recover must be taxed whether the same has been paid or not by such party." Or. L., § 569.

4. The state by its district attorney objects to the allowance of any of the items of the cost bill because it was not filed in this court before the mandate was sent down. This must be overruled because this proceeding is one separate and independent of the chief litigation. It is not affected by the mandate in the principal case.

5. Objection is made to the allowance of $6 trial fee on the ground that it was not paid by the defendant.

Section 1606, Or. L., reads thus:

"An appeal to the supreme court may be taken by the defendant from a judgment on a conviction in a circuit court, or from an order refusing to dismiss the indictments as provided for in section 1701; and upon an appeal, any actual decision of the court, in an intermediate order of proceeding forming a part of the judgment roll, as prescribed in section 1582, may be reviewed."

Section 1607 is here set down:

"An appeal to the supreme court may be taken by the state from the judgment or order of the circuit court, in the following cases:

"1: Upon a judgment for the defendant on a demurrer to the indictment;

"2. Upon an order of the court arresting the judgment."

Section 1608 is as follows:

"An appeal may be taken as provided in the last two sections as a matter of right."

6, 7. These sections are part of the Criminal Code which is said to be complete in itself: *State* v. *Berger*, 51 Or. 166 (94 Pac. 181); *State* v. *McGrath*, 35 Or. 109 (57 Pac. 321). When as a "matter of right," under Section 1608, Or. L., a defendant comes to the Supreme Court on appeal, no trial fee can be demanded of him. Otherwise his right would be impeded and restricted. He is not liable for a trial fee. Not being liable, he cannot recover it as a disbursement. Repeals by implication are not favored. For this reason we cannot hold that Chapter 322, Laws of 1921, applies in the respect here in question to criminal cases or that it affects Section 1608, Or. L. The practice has been not to demand a trial fee from an appealing defendant in a criminal case. Thus in a sense it has become a matter of contemporaneous construction of that statute extending over a long period of years.

The charge of $178 to cover the transcript of testimony is likewise challenged, the contention being that there were only 762 folios of the report which, at fifteen cents per folio, amounts to only $114.30. This objection must be allowed.

The costs and disbursements properly taxable in favor of the defendant are as follows:

| Costs | $ 15.00 |
| Transcript of testimony | 114.30 |
| Appellant's brief | 21.00 |
| Total | $150.30 |

8. It remains to determine who shall be charged with the payment of these items. The reasoning of the opinion in *State* v. *Keelen*, 103 Or. 172 (203 Pac. 306, 204 Pac. 164), on the question of objections to cost bills on appeal in criminal cases in this court leads to the conclusion that judgment should be rendered against the county of Klamath from which the appeal emanated. Chapter 88, Laws of 1921, fastens the liability upon that county and, although the state is the party plaintiff in the main case charging the defendant by its indictment with the commission of a crime, yet by the terms of this statute the expenses on appeal are chargeable to the county and not to the state. In a sense, therefore, the county, as one of the political subdivisions of the state, is a party to the supplemental litigation by operation of law and we but declare the legal conclusion to be derived from the statute and the facts concerning the costs and disbursements when we say that judgment should be entered against the county in this proceeding for those expenses in this court.

They will, therefore, be taxed as above stated and judgment given in this action against the county of Klamath in favor of the defendant for the amount of $150.30.        OBJECTIONS SUSTAINED IN PART.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.