Argued March 29, reversed October 16, rehearing denied November 13, 1928, motion to recall mandate denied January 23, 1929.

## GERDA HILL *v.* HILDA HILL ET Ux.

(270 Pac. 911.)

For appellant there was a brief over the names of *Mr. A. A. Anderson* and *Messrs. Norblad & Hesse,* with an oral argument by *Mr. Frank C. Hesse.*

For respondent there was no appearance.

COSHOW, J.—1, 2. Plaintiff has a right of appeal to this court from the judgment rendered against her on the cost bill. This appeal, however, confers jurisdiction on the court to determine only questions of law presented to the Circuit Court. This court cannot entertain questions of fact that were determined by the Circuit Court: Or. L., § 570.

That section prescribes the method for determining and settling controversies arising in the taxation of costs and disbursements. The prevailing party claiming costs must serve and file a verified statement of the costs and disbursements claimed by him. The losing party must serve and file objections to said cost bill, if any he has. The two instruments so filed constitute all of the pleadings. The prevailing party may file an amended cost bill and the losing party may file amended objections thereto, but such amendments are analogous to the amendments allowed in other pleadings in court. Defendants have proceeded as though it was permissible to support their cost bill by an affidavit. In our opinion the affidavit presented by defendants was not admissible as evidence. The bill of exceptions before us does not disclose that said affidavit was even offered as evidence.

3. It seems to us very clear that the statute intended that the issues framed by the cost bill and objections thereto should constitute pleadings which must be supported in the same manner as other pleadings are supported in the trial of an action at law in the Circuit Court, with this exception only, that the issues are tried by the judge of the court without a jury. In order to appeal a bill of exceptions must be prepared and certified as in other actions at law.

4. An affidavit is not admissible in such a trial for the reason that the statute does not make it such. Our Code provides when and where an affidavit may be used as evidence: Or. L., § 831. These are: first, to prove the service of a summons; second, to prove the service of a notice or other paper in a suit or proceeding to obtain a provisional remedy; third,

to provide for the examination of a witness; fourth, to procure a stay of proceedings; fifth, or in support of a motion, and sixth, in any other case expressly provided by this Code or other statute of the state, except as provided in the next section. Section 832, Or. L., prescribes that:

"Whenever a provisional remedy has been allowed upon affidavit, the party against whom it is allowed may serve upon the party by whom it was obtained a notice, requiring the person making the affidavit to be produced before some officer authorized to administer oaths, therein named, for cross-examination."

This was the construction placed upon this statute by the late Justice BURNETT in *School District* v. *Alameda*, 87 Or. 132, 142 (169 Pac. 507, 788), from which we take the following language:

"It is laid down by Section 570, L. O. L., that the only pleadings in a matter of disputed costs and disbursements are the statement of the prevailing party and the objection of the opposite litigant; that all issues involved by the statement and objections shall be heard by the court without a jury; that at such a hearing either party may produce any testimony, either oral, by deposition or otherwise, to sustain the issues on his behalf; and that a bill of exceptions may be framed as in other actions."

*Ogilvie* v. *Stackland*, 92 Or. 352, 359 (179 Pac. 669); *State* v. *Way*, 120 Or. 134, 139 (251 Pac. 761). We do not think the language in said Section 570,—

"At such hearing the court or judge may examine any record or paper on file in the cause and either party may produce relevant or competent testimony, either orally or by deposition, or otherwise, to sustain the issues on his behalf."

authorizes the admission of an *ex parte* affidavit as evidence. We think the word "otherwise" refers to other competent evidence admissible to support the issues framed by the cost bill and objections thereto. These words "or otherwise" may refer to competent documentary evidence or any other kind of evidence which a litigant could introduce in the trial of issues regularly framed in an ordinary action at law. To receive *ex parte* affidavits is practically to deny the right to cross-examine. Affidavits were received by authority of the statute in support of costs and disbursements claimed by a litigant prior to the amendment of 1903. That amendment we deem to have altered the procedure for trying the issues framed on disputes over cost bills.

5, 6. It is our opinion that the witnesses attending the trial at Astoria, if their oral examination was necessary to sustain the issues on the part of defendants, are entitled to mileage for the distance they traveled in Oregon in going from their residences to Astoria and return by the ordinary way of travel. We do not think that defendants were obliged to cross the river at Rainier in order to shorten the distance of travel in the State of Oregon. On the other hand they would not be entitled to mileage from the Interstate Bridge at Vancouver unless that was a convenient and ordinary way of traveling from their residences to Astoria. That is a question of fact to be determined by the trial court, whose judgment will be final.

It is suggested that to construe the statute literally would require the party claiming costs to bring his witnesses back to court in order to meet objections to his cost bill. Does not this suggestion imply that evidence incompetent under ordinary circumstances

may be considered competent when embodied in an affidavit? One capable of making a pertinent affidavit would be a competent witness in court. Defendants produced only one affidavit to support their amended cost bill. That part would have sufficed had the amended cost bill been supported in court by oral testimony as I believe the legislature intended. That the trial court and attorneys may be inconvenienced to some extent occasionally is not sufficient reason for overruling the legislative will as expressed in the statute. The judgment is reversed and the case remanded for trial on the merits as indicated in this opinion.

REVERSED. REHEARING DENIED.

McBRIDE and ROSSMAN, JJ., concur.

RAND, C. J., dissents.