Argued October 5, affirmed December 4, 1928.

## F. KRUSE *v.* A. W. BLAIR ET AL.

(272 Pac. 265.)

For appellant there was a brief and oral argument by *Mr. G. E. Hamaker.*

For respondents there was a brief over the name of *Mr. Thomas ·E. Davis,* with an oral argument by *Mr. E. L. McDougal.*

BEAN, J.—Blair did not pay the rent for March, April, May, June and July, 1926, but kept possession of the premises during that time. Shortly after the suit for cancellation of the mortgage and lease was instituted Kruse commenced a suit to foreclose his mortgage, and these two suits were consolidated. A decree was entered providing that $498.54 of the money that was paid into court should be paid and· applied on the judgment, leaving $300 to apply on rent. Kruse, through his attorney, later applied to the Circuit Court and an *ex parte* order was entered authorizing the payment of the $300 on hand toward the satisfaction of the judgment in the foreclosure suit.

The damages claimed in the present action are based upon the loss of the rentals by reason of the injunction order having been issued. It is claimed that the undertaking upon which the defendant Fidelity and Deposit Company of Maryland is surety covers such loss.

■ This surety was not a party to any of the suits or actions mentioned, except the one at bar. Defendant ˎBlair was not served with summons and did not appear in this action. Blair in making the deposits for the rentals for the months of December, 1925, January and February, 1926, and for payments on the notes, had the right to direct the appropriation of such amounts which he did and of which he gave the plaintiff due notice.

After such deposits and payments were made the plaintiff could not, in a proceeding in which the surety company was not a party, obtain an order for the application of such payments of rentals to a claim not embraced in the undertaking, or affected thereby, so that such order or application of the funds would bind the defendants or change its liability as such surety. The testimony of the plaintiff shows that the deposits were made by Blair for rentals for the month of December, 1925, January and February, 1926, covering the time for which Kruse claimed a default in the payment of rent by Blair as a foundation for the action of forcible entry and detainer. The main reason for the granting of the injunction order was such deposits of rentals and the want of a default in payment under the lease.

■ There was no error in the trial court granting defendant Fidelity and Deposit Company's motion for a nonsuit. The injunction was not wrongful, as alleged by plaintiff, and he was not damaged thereby. There was no default at the time the forcible entry · and detainer action was commenced.

The acceptance by plaintiff of moneys tendered into court for payment of rent for the months of December, 1925, and January and February, 1926, waived any default in payment of rent by the defendant Blair and reinstated the lease: Section 2530, Or. L.; 38 Cyc. 177.

■■ A surety is released if the creditor refuses to accept a lawful tender of the amount due, made either by the surety or by the principal. This is so in any event, and more especially when the insolvency of the maker is known to the payee: 26 R. C. L., § 36, p. 654. The payment of money into court as an unconditional tender passes the title to the money so

paid irrevocably to the party to whom it is tendered though he does not accept the tender, or does not accept it until after judgment: 26 R. C. L., § 36, p. 656.

The answer of the defendant company sets forth as an affirmative defense that the various sums stated above amounting to $778.54 were tendered into court by Blair for the purpose of paying rentals under the lease and that said rent had been paid to and including February, 1926.

The plaintiff by his reply admits

"that said sum of money therein described was paid to the clerk of the above entitled court and admits that the plaintiff received the said sum of money under and by virtue of the judgment of the court in said suit described."

Plaintiff embraced in his claim for damages the rentals for the month of March to July, 1926. The subsequent default of Blair in the payment of rent under the lease following the commencement of the action for the possession of the leased premises, would not add to the liability of the surety on the undertaking. The order of injunction simply restrained Kruse "from prosecuting said cause No. 94524 in the district court."

The plaintiff was not enjoined thereby from collecting any rentals becoming due thereafter or from taking any appropriate proceedings on account of any subsequent default of Blair under the lease: See Or. L., § 2530.

After a subsequent default in the payment of rent, if there was any question in the mind of plaintiff in regard to the effect of the injunction order, he could have easily applied to the Circuit Court for a direction in the nature of a modification of the restraining

order and proceeded to enforce collections of all rentals as they became due. The surety company did not become sponsor in any way, directly or indirectly for damages by reason of rent becoming due after the commencement of the action for possession which was enjoined.

■ A cost bill was filed by the defendant company after judgment in the trial court. Plaintiff filed therein a motion to retax such costs.

It appears that the motion has not been heard or determined by the trial court and, therefore, cannot be considered here.

It may not be amiss to call attention to the opinion in *Hill* v. *Hill,* 128 Or. 177, 270 Pac. 911, decided by this court October 16, 1928.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.