**James L. BRIDGES et al., Appellants,**

v.

**E. Mizzell JEFFREY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

William E. Scent, Reed, Scent & Reed, Paducah, for appellants.

Dwain H. Lowry, Paducah, for appellees.

WILLIAMS, Judge.

The question in this case is whether the lessees (appellees) had the right to exercise an option to purchase leased property under the terms of a lease agreement. The McCracken Circuit Court, in a summary judgment, held that they did and ordered the property transferred. The lessors (appellants) have appealed.

On December 31, 1963, appellants and appellees entered into a written lease agreement of a restaurant, equipment and fixtures for a one-year term. Appellees had the option to renew the lease provisions for three additional and successive one-year terms by giving notice in writing 60 days prior to the end of the original lease term, or subsequent one-year renewal period. Rental was fixed at 10 per cent of the appellees' gross receipts, with monthly rental installments to be paid between the first and tenth days of each month based on the gross receipts for the previous month.

One paragraph of the lease gave the appellees an option to purchase the property for a sum certain, provided a 60-day notice of an intention to purchase was given in writing. The pertinent portion of that paragraph is as follows:

"* * * If the lessees elect to purchase under the provisions of this paragraph, and having complied with all other provisions of this agreement, the lessors shall be given a sixty (60) day notice in writing by the lessees of their intention to purchase, and the lessors shall execute and deliver a proper deed of conveyance of the premises to the lessees."

The appellees took possession of the property and exercised their renewal option with respect to each of the calendar years 1965 and 1966. They did not exercise the

third and last renewal option for the year 1967, but did attempt to exercise the purchase option.

On October 10, 1966, the appellees mailed a check to appellants for the September rent. Appellants deposited the check on October 13 but it was returned marked "Insufficient Funds". On October 19, the appellees sent a written notice of their intention to purchase the leased property to the appellants. On October 21 and again on October 24, appellants presented the check for the September rent for payment, but there was still an insufficient amount in appellees' account to cover the check. On October 29, appellants advised appellees that the September rent check had not been honored and that, consequently, appellants would not honor appellees' intention to purchase.

On October 31, 1966, appellees obtained a certified check for the September rent and sent it "Registered Mail" to appellants. Appellants received the check and did not return it to the appellees. Thereafter they accepted certified checks for the October, November and December rent.

The McCracken Circuit Court held that, when appellants accepted the September 1966 rent, they waived any right to declare a forfeiture. The court directed appellants to convey the property to appellees.

Appellants argue that appellees failed to comply with all provisions of the agreement by the failure to pay the September rent between the first and tenth of October. Although we do not hold that the delayed payment of the September rent was substantial compliance with the agreement, nevertheless the acceptance of that check and the acceptance of the three checks for the last three months of the year constituted a waiver on the part of appellants. Ohio Valley Oil & Gas Co. v. Irvin Development Co., 184 Ky. 517, 212 S.W. 110 (1919). In accepting the last four months' rental checks, appellants accepted a cure of the breach and appellees had the right to exer-

cise the option to purchase after the giving of timely written notice.

The judgment is affirmed.

MONTGOMERY, C. J., and EDWARD P. HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.