**John H. ALLEN et al., Appellants,**

**v.**

**Allan L. BATES et al., Appellees.**

Court of Appeals of Kentucky.

May 18, 1973.

Rehearing Denied Sept. 14, 1973.

Robert Delahanty, Delahanty, Goble & Terry, Louisville, for appellants.

William T. Warner, Louisville, for appellees.

OSBORNE, Justice.

This action was instituted by the appellants, John H. Allen and his wife, Martha Allen, for specific performance of an op-tion to purchase certain lots in Jefferson County, Kentucky. The option was contained in a lease. Appellees' primary defense to the action was that appellants defaulted in their payment of rentals upon the lease thereby violating its terms and resulting in a cancellation by appellees.

There were multiple issues in the trial several of which will not be dealt with here because they were adequately disposed of by the trial court in its findings of fact and conclusion of law. The issue presented to us, upon this appeal, is whether or not acceptance of late rental payments by the lessor constitutes a waiver of the lessees' breach and continues in full force and effect the entire lease agreement including an option to sell. The lease here under consideration provides for the payment of a stipulated amount, monthly, to be paid on the first day of each and every month beginning December 1, 1967. It further provides that $117.50 of each monthly payment shall be applied upon the purchase price of the property and that when a total of $2,820.00 is so credited upon the purchase price, the second party shall have an option to purchase the property for the sum of $14,000.00. The lease further provides that the lessees shall give the lessors thirty (30) days' written notice of their intent to exercise the option.

It is undisputed that appellants did not make all monthly payments on the dates required by the lease. It is likewise undisputed that appellees wrote appellants a letter cancelling the lease on October 15, 1969 but they took no further action to effect a cancellation and thereafter accepted payment for two (2) months' rent accruing after the cancellation letter. The general rule of law applicable to this situation is that in the absence of an express provision for forfeiture in the lease a breach of a covenant, including a covenant to pay rent upon specified terms, does not work a forfeiture of an option to purchase. Generally, contractual provisions for forfeitures are looked upon with disfavor and are strictly construed against the party seeking

to invoke them. See Annot., 31 A.L.R.2d 321 at 328. Most jurisdictions seem to hold and we have so held that one who later accepts payment for rental accruing after an attempted cancellation waives the right to cancel because of the late payments. See Annot., 10 A.L.R.2d 884 at 889 and 890; also Bridges v. Jeffrey, Ky., 437 S.W.2d 732 (1968).

■ For the foregoing reasons the judgment of the trial court is reversed and this case is remanded to that court with directions to enter a judgment granting appellants specific performance of the option agreement in the contract between the parties.

Judgment reversed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.