Argued October 28, reversed December 31, 1974

REEVES ET UX, *Respondents, v.*
BAKER ET UX, *Appellants.*

530 P2d 30

*David C. Silven,* Baker, argued the cause for appellants. With him on the briefs were Banta, Silven, Young & Marlette, Baker.

*J. David Coughlin,* Baker, argued the cause for respondents. With him on the brief were Jacobson and Coughlin, P.C., Baker.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

SLOPER, J. (Pro Tempore)

Plaintiffs brought this action under Oregon's FED statute (ORS 105.105 et seq.) to recover possession of a 320-acre ranch leased by them to defendants for alleged breach for nonpayment of a rental installment. After certain motions were denied and a demurrer was overruled, defendants answered by generally denying an unlawful withholding and affirmatively alleging that plaintiffs had waived strict performance of the requirement of timely payment of the rental payments; an estoppel from asserting that provision; tender of the rental payment that was in default, failure of plaintiffs to make major repairs and a cross-complaint for damages. The case was tried to a jury and a judgment entered in favor of plaintiffs, directing restoration of the property to plaintiffs. Defendants' motions to set aside the judgment, for judgment notwithstanding the verdict and in the alternative for a new trial, and a supplemental motion to set aside judgment and for a new trial were all denied. Defendants appeal.

Defendants assert six assignments of error. The sixth assignment is first found in defendants' reply brief and is based upon action of plaintiffs occurring after trial, after notice of appeal and after filing of defendants' opening brief and plaintiffs' answering brief.

Historically, the facts are that plaintiffs on January 14, 1974, instituted the FED action for nonpayment of the rental installment due November 1,

1973. Such rental was tendered by defendants to plaintiffs on November 28, 1973, before the action was filed. This tender by check was not cashed and was not returned to defendants until January 8, 1974. Defendants kept the tender good by depositing the same with the county clerk with the filing of defendants' answer and the tender included interest from due date. After the trial and commencement of the appeal, as noted above, plaintiffs on July 26, 1974, moved the court to disburse the tender to them and the court by an order on September 3, 1974, directed the payment to plaintiffs. An appropriate undertaking on appeal was filed at the time of notice of appeal.

The question presented by the sixth assignment of error is whether the acceptance of defendants' tender of the rental for the period which is the basis of plaintiffs' FED action reinstates the lease. Defendants contend that the demand for and the acceptance of the deposited tender by plaintiffs has the legal effect of reinstating the lease.

Where, as here, a breach of payment of a rental installment is relied on as the basis of plaintiffs' FED action, a difficult question is presented by the later acceptance of the rent upon which plaintiffs' action is predicated. The courts which have decided similar situations are not in agreement. Although some cases have been contrary, there is respectable authority holding that such later acceptance amounts to a waiver of the breach. See *Cuschner v. Westlake*, 43 Wash 690, 86 P 948 (1906); *Gay v. American Oil Co.*, 115 Ga App 18, 20-21, 153 SE2d 612 (1967); *Bridges v. Jeffrey*, 437 SW2d 732 (Ky 1968); *Moskos v. Hand*, 247 S2d 795 (Fla App 1971). In addition to the foregoing

authorities, we find specific legislative direction in ORS 91.090, which provides:

"* * * [H]owever, if the landlord, after such default in payment of rent, accepts payment thereof, the lease is reinstated for the full period fixed by its terms, subject to termination of subsequent defaults in payment of rent."

This court in *Kruse v. Blair,* 127 Or 393, 397, 272 P 265 (1928), an action on an undertaking on an injunctive order, held that amounts tendered into court by a tenant and withdrawn by the landlord amounted to a waiver for default in payment and said:

"* * * The testimony of the plaintiff shows that the deposits were made by Blair for rentals for the month of December, 1925, January and February, 1926, covering the time for which Kruse claimed a default in the payment of rent by Blair as a foundation for the action of forcible entry and detainer. * * *.

"* * * * * *.

"The acceptance by plaintiff of money tendered into court for payment of rent for the months of December, 1925, and January and February, 1926, waived any default in payment of rent by the defendant Blair and reinstated the lease: Section 2530, Or L.; 38 Cyc 177."

We conclude that when plaintiffs after default in payment of the rent accept payment of the rent upon which their action is predicated, the lease was "reinstated" subject to termination of subsequent defaults in payment of rent. Our determination of the case on the basis of the sixth assignment of error makes it unnecessary and we have not determined any of the remaining assignments.

The judgment of the trial court is reversed and plaintiffs' complaint is dismissed.