On respondent's motion to dismiss filed July 31, appeal dismissed October 21, 1987

## CLACKAMAS TOWN CENTER ASSOCIATES,
*Appellant,*

*v.*

## JANDEL FOODS, INC.,
dba Hart's Bar & Grille,
*Respondent.*

(86-7078; CA A43646)

744 P2d 280

Phillip C. Querin and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland, for motion.

Stephen P. Rickles and Holmes, DeFrancq & Schulte, P.C., Portland, appeared *contra.*

Before Young, Presiding Judge, and Warren and Deits, Judges.

WARREN, J.

**WARREN, J.**

Landlord filed this FED action, and tenant tendered into court the amount of money representing the rent due at the time when the FED was filed. After a jury trial, judgment was entered that landlord recover nothing and that tenant is entitled to remain in possession of the premises. Tenant then moved to disburse the money as rent to landlord, and a stipulation to that effect was entered. Landlord appealed, and tenant now moves to dismiss the appeal on the ground that, by accepting the rent, landlord has waived the right to appeal.

In *Reeves v. Baker,* 270 Or 837, 530 P2d 30 (1974), the Supreme Court held that a landlord's acceptance of rent during the pendency of a tenant's appeal from an eviction for nonpayment of rent constitutes a reinstatement of the rental agreement. Although, in *Reeves,* the tenant appealed a judgment of eviction and landlord here is appealing a judgment denying eviction, the principle is the same: A landlord waives an alleged breach of the lease by accepting rent for the period in question.

Because we are bound by *Reeves,* we must dismiss the appeal. However, we recognize the anomaly that, if landlord had prevailed on appeal and tenant had been evicted, landlord would have the right to the rent for the time that tenant occupied the premises. ORS 91.220. Landlord could sue to recover the rent after the eviction proceeding was concluded. However, by accepting a voluntary payment of that to which it has a right, landlord is foreclosed from appealing.

Landlord also argues that, regardless of the issue of possession of the property in question, it has the right to appeal the judgment, because the judgment also assesses attorney fees and costs. *See Bates and Masvidal,* 85 Or App 614, 616, 737 P2d 973, *rev den* 304 Or 186 (1987). We have the benefit of landlord's brief, and all of the assignments of error relate to the possession issue. Landlord has not challenged the attorney fees and costs awards.

Appeal dismissed.