Argued and submitted February 26, affirmed November 23, 1988, reconsideration denied January 13, petition for review denied February 14, 1989 (307 Or 405)

## COMMONWEALTH PROPERTY MANAGEMENT, INC.,
*Respondent,*

*v.*

## HANSON et ux,
*Appellants.*

(87F 635732; CA A45017)

764 P2d 950

Steven C. Johnson, Portland, argued the cause for appellants. With him on the brief was Robertson & Johnson, Portland.

Timothy R. Volpert, Portland, argued the cause for respondent. With him on the brief were Phillip C. Querin and Ragen, Tremaine, Krieger, Schmeer & Neill, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants, tenants of a space in a mobile home park, appeal a judgment in plaintiff's forcible entry and detainer action to recover possession of the premises for failure to pay rent. ORS 91.810(1); ORS 91.820(2); ORS 105.120(2). The judgment gave restitution of the premises to plaintiff, the landlord, and ordered that it receive back rent which defendants had tendered into court. ORS 91.810(1). We affirm.

Defendants occupied the space under a rental agreement which they had executed in 1977. The agreement provided for a "base rent," which the landlord had increased from time to time; in 1986 it was $160 per month. The agreement also provided for a $3 monthly charge for each additional occupant and a monthly late charge. On September 29, 1986, plaintiff gave a written notice to defendants which stated, in part:

> "Effective January 1, 1987, your space rent will increase $10 to $170 per month."

Defendants tendered only $163 as rent for January, 1987. Plaintiff rejected it. On January 8, 1987, plaintiff served a "72-hour notice" on defendants.[1] It demanded that defendants pay $170, plus $3 for "extra person" and a $5 "late fee" or the lease "will be terminated." Defendants refused to pay and plaintiff filed the action. After trial, but before judgment, defendants tendered into court a sum sufficient to cover the amounts that plaintiff claimed for January, 1987, and subsequent months.

Defendants pleaded four affirmative defenses and four counterclaims. The court granted plaintiff's motion to strike defendants' first affirmative defense for failure to state a defense. ORCP 21. It granted plaintiff's motion for a directed verdict, ORCP 60, on defendants' second, third and fourth affirmative defenses and on defendants' first and

---

[1] Plaintiff gave the 72-hour notice under ORS 91.820(2), which states:

"If rent is unpaid when due and the tenant fails to pay rent within seven days, including the first day rent is due, the landlord, after 72 hours' written notice of nonpayment and the landlord's intention to terminate the rental agreement if the rent is not paid within that period, may immediately terminate the rental agreement and take possession in the manner provided in ORS 105.105 to 105.165."

fourth counterclaims.[2] The court submitted defendants' second and third counterclaims to the jury, which returned a verdict for plaintiff on each claim.[3] Thereafter the court found:

> "All of defendants' counterclaims have been filed in bad faith for the reason that they were not material violations of ORS 91.800 or 91.805, nor of the 1977 rental agreement, and that they were pretextual in nature and raised as part of a rent strike in objection to plaintiff's notice of rental increase."

It awarded possession and also the tendered sum of $712, representing back rent that defendant owed, to plaintiff.

Defendants assign as error that the court struck their first affirmative defense that plaintiff had no power to raise the rent because the rental agreement contained no provision that authorized or allowed it. The statutes, ORS 91.700 *et seq*, and the rental agreement do not state that the landlord may not raise the rent. *See also* ORS 91.225. ORS 91.869 specifies the procedures pursuant to which a landlord may raise rents in a mobile home park. The court did not err when it struck defendants' first affirmative defense.

Defendants also assign as error that the court directed a verdict against their first counterclaim,[4] which alleged that plaintiff's predecessor had raised the rent illegally and asked for damages of $260. Defendants rely on the same

---

[2] Defendants' first and fourth counterclaims rest on their legal argument that the landlord had no power to raise the rent.

[3] In their second counterclaim, defendants alleged that maintenance and care of the mobile home park, including the common areas and recreational facilities, had deteriorated since 1980, depriving them of appurtenances to which they were entitled and causing damages to them of $260. At trial, they also claimed that the garbage collection, drainage, and entrance sign were inadequate and that plaintiff kept the laundry room locked. Defendants, however, showed only that some sports facilities were unusuable. Plaintiff had no obligation under the statute or the rental agreement to provide or maintain such facilities.

In their third counterclaim, defendants alleged that plaintiff damaged their drainage system, causing damages of $42. The jury found that plaintiff caused "injury or damage" to defendants' drainage connection," but that defendants' damage was "$0.00." At trial, defendants acknowledged that whatever damage had occurred was a result of plaintiff's efforts to improve drainage in the park. The evidence was that plaintiff had damaged a drain tile but had replaced it.

[4] Defendants did not assign as error that the court directed a verdict for plaintiff on their fourth counterclaim.

legal argument, which we found to be insufficient, that they urged to support their first affirmative defense.

Defendants assign as error that the court directed a verdict for plaintiff on the fourth affirmative defense. They alleged that the 90-day notice of rent increase (the September 29, 1986, notice) did not comply with ORS 91.869(1), because it set forth only the "base rent," and not the total monthly rent. The notice of rent increase, however, complied with ORS 91.869(1)(a), which provides that the landlord may not increase the rent unless he

> "gives notice in writing to each affected tenant at least 90 days prior to the effective date of the rent increase specifying the amount of the increase, the amount of the new rent and the date on which the increase becomes effective."

The notice was timely and stated the amount of the increase ($10), the effective date (January 1, 1987) and the amount of the new rent ($170).[5]

Defendants assign as error that the court directed a verdict against their third affirmative defense,[6] which alleged that plaintiff's 72-hour demand of January 8, 1987, was inconsistent with the earlier 90-day notice. It was not.

■ Defendants assign as error that the court, rather than the jury, found that their counterclaims were asserted in bad faith. They argue that the determination of bad faith is a jury question. Assuming, without deciding, that it is a jury question, defendants failed to raise the issue timely. They did not ask the court to submit the issue of bad faith to the jury when the court submitted the second and third counterclaims or at any other time before the court had dismissed the jury.

■■ Defendants also argue that there is not substantial evidence to support the court's finding that defendants asserted each of their counterclaims in bad faith. Regardless

---

[5] The reference in the September, 1986, notice to "space rent" of $170 per month was notice of the "new rent" within the meaning of ORS 91.869(1)(a). Defendants acknowledge that "base rent" and "space rent" have the same meaning.

[6] Defendants do not assign as error that the court directed a verdict for plaintiff on defendants' second affirmative defense.

of the court's explanation of the reasons for its ruling[7] and assuming that substantial evidence must support it, there was substantial evidence from which the court could have found that each of defendants' counterclaims was frivolous and, therefore, asserted in bad faith. *See Napolski v. Champney,* 295 Or 408, 419, 667 P2d 1013 (1983).

■     Defendants also assign as error that the court not only restored the premises to plaintiff but awarded it the rent that defendants had tendered into court. They argue that when plaintiff accepted that rent it reinstated the tenancy. Accordingly, they assert that they were entitled to retain the premises under ORS 91.810(1).[8] The court, however, did not err. Although *Reeves v. Baker,* 270 Or 837, 840, 530 P2d 30 (1974), states that if the landlord sues for possession based on non-payment of rent, his acceptance of the rent will reinstate the tenancy, that case interpreted ORS 91.090, which does not apply here. *See* ORS 91.720.

Moreover, the right of defendants to retain possession arises under ORS 91.810(1), to which the good faith requirements of ORS 91.730 apply. In *Amatisto v. Paz, supra,* the trial court held that the tenant had failed to carry her burden of proof on her statutory counterclaims to the landlord's FED action and awarded judgment to him both for the tendered rent *and* possession of the premises. We reversed the judgment of restitution, however, because the court did not find that the tenant had asserted the counterclaims in bad faith. We stated that, under the "plain language of [ORS

---

[7] Claims may be made in good faith even if they are immaterial, *see Amatisto v. Paz,* 82 Or App 341, 728 P2d 42 (1986), or are made as part of a rent strike. *See* ORS 91.810.

[8] ORS 91.810(1) provides:

"In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 91.700 to 91.900. In the event the tenant counterclaims, the court from time to time may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party. The party to whom a net amount is owed shall be paid first from the money paid into court, and shall be paid the balance by the other party. The court may at any time release money paid into court to either party if the parties agree or if the court finds such party to be entitled to the sum so released. If no rent remains due after application of this section, judgment shall be entered for the tenant in the action for possession."

91.810(1)]," the tenant was entitled to retain possession even though the trial court found against her on her counterclaims, if she had tendered the rent due into court and it was paid to the landlord. In answer to the landlord's assertion that, as a result, tenants could avoid paying rent for months and still keep possession simply by asserting counterclaims and tendering the rent into court, we added:

"ORS 91.730 imposes an obligation of good faith as a prerequisite to asserting the rights and remedies under the act and * * * '[s]purious, frivolous, or improperly motivated counterclaims may not be used to justify a tenant's rent withholding.' *Napolski v. Champney, supra,* 295 Or at 419. Further, the rent-into-court scheme protects landlords when there is a bona fide dispute over habitability deficiencies in the rental property. That the tenant is unable to meet the burden of proof should not result in removal from her home.

"Thus, it becomes clear that the question of tenant's good faith or bad faith is the heart of the matter." 82 Or App at 346.

Here, the trial court could find that defendants' counterclaims were asserted in bad faith. Accordingly, the court did not err when it awarded plaintiff the rent that defendants had tendered into court and at the same time restored possession of the premises to plaintiff.

Affirmed.