Argued February 28, affirmed March 13, 1957

# STATE HIGHWAY COMMISSION *v.* HOLT ET UX

308 P. 2d 181

*Gordan A. Ramstead* and *Richard E. Miller,* Eugene, argued the cause and filed a brief for appellants.

*Fred A. Morgan,* Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, Salem, C. W. Enfield, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, Salem, Leonard I. Lindas, Salem, and P. K. Puckett, Klamath Falls.

Before PERRY, Chief Justice, ROSSMAN, BRAND and McALLISTER, Justices.

PERRY, C. J.

The plaintiff commenced this action to condemn 1.05 acres of real property for the relocation of a portion of the Pacific Highway east of Creswell in Lane County, Oregon. The defendants, as owners of the real property, now appeal from the judgment entered on the verdict of the jury.

The defendants' sole assignment of error is that the trial court erred in sustaining objections to testimony offered by the defendants relating to the cost to them of improvements placed on the land.

The record discloses that prior to the condemnation proceedings the defendants had commenced the erection of a sawmill which they caused to be removed, with the exception of some piling driven into the soil, and, because the property was low and marshy, they had caused a portion of this land to be partially filled with gravel. No questions were asked by defendants of anyone as to the cost of the erection of the sawmill, conse-

quently there were no objections made, and under these circumstances no error could possibly have been committed by the trial court as to this item.

Therefore, the sole question is whether or not the trial court erred in refusing to permit the defendants to introduce evidence of the cost of the gravel fill.

■ It is well-established that where, as here, there is a total taking of the land for public use, the owner is to be compensated by receiving the fair cash market value of the land, which includes the land itself and any improvements thereon which are a part of the realty. *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 281 P2d 707.

■ "Fair cash market value" is "the amount which the land would bring if it were offered for sale by one who desired but was not obliged to sell and was bought by one who was willing but not obliged to buy." *Pape et al. v. Linn County,* 135 Or 430, 437, 296 P 65.

In *Pape et al. v. Linn County,* supra, the roadway taken included some fruit trees, and the defendants claimed damages in the sum of $250 in addition to the fair cash market value of the land. This claim, we held, could not be considered since the trees were a part of the land itself, but there is no discussion of the admissibility of evidence of the cost of the trees in determining the value of the whole.

In earlier cases, the cost of improvement of the property to the defendant was not admissible as any evidence of the fair cash market value at the time of taking. *Jacksonville & S. E. Ry. Co. v. Walsh,* 106 Ill 253; *Schuylkill Navigation Company v. Farr,* 4 Watts & Sergeant 362 (Penn). This because the expenditures might be far disproportionate to present market value, and because the practical result would be the adding together of these separate costs to the costs of the

land, producing an overlapping of costs which would be confused with value and would produce an exaggerated value of the whole.

■ In the present case, the defendants caused 600 cubic yards of gravel to be dumped as a fill in upon their real property. It does not appear from the record that this added to the value of the property, which was generally still low and marshy; neither are there any peculiar circumstances present that would cause difficulty in presenting to the jury a true picture of the actual cash market value of the land.

The trial court did not abuse its discretion. The judgment of the trial court is affirmed.