In the Matter of the Marriage of

## BATES,
*Respondent,*

*and*

## MASVIDAL,
*Appellant.*

(9318; CA A37929)

737 P2d 973

Michael A. Yates, Portland, argued the cause for appellant. With him on the appellant's brief was Gevurtz & Menashe,

P.C., Portland. With him on the appellant's reply brief was Meyer, Habernigg & Wyse, Portland.

Frederick T. Smith, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Deits, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Wife appeals from a dissolution judgment, contending that the trial court improperly incorporated a marital settlement agreement into the judgment. Husband has moved to dismiss the appeal on the ground that wife has accepted the benefits of the judgment and, therefore, has waived her right to appeal. We agree and dismiss the appeal.

Before the parties were married in 1974, they executed a prenuptial agreement that provided, among other things, that neither party would be entitled to spousal support in the event of a separation or dissolution. They separated in 1982, and husband filed a petition for dissolution in December, 1983. No children were born of the marriage.

During settlement negotiations, husband's attorney prepared a marital settlement agreement. Husband signed the agreement on June 27, 1984; however, neither wife nor her attorney signed it. During the dissolution trial, the court heard evidence and arguments from both parties regarding whether the parties had, in fact, reached the settlement embodied in that agreement. As part of its judgment, the court concluded that "the marital settlement agreement is a binding agreement between the parties and it is therefore adopted and approved by this court." That agreement provides for spousal support, division of property and a cash payment from husband to wife. Pursuant thereto, husband began paying wife $600 per month as spousal support. Wife accepted three of those payments.

■■ An appellant cannot accept the benefits of a judgment and also pursue an appeal which may overthrow the right to those benefits. *Nickerson and Nickerson,* 296 Or 516, 520, 678 P2d 730 (1984). After the trial court enters a final judgment, a party may accept the judgment *or* challenge it by pursuing an appeal. The decision to accept the judgment is a renunciation of the right of appeal. *Albright v. Albright,* 73 Or App 410, 414, 699 P2d 195 (1985), quoting *Moore v. Floyd,* 4 Or 260, 261 (1872). A corollary to that rule is that an appellant may accept a portion of a judgment and appeal from another portion, if the provisions of the judgment are divisible and the relief requested by the appellant does not jeopardize the portions of the judgment that were accepted by the appellant. In

*Schlecht v. Bliss,* 271 Or 304, 310, 532 P2d 1 (1975), the court said:

> "In summary it is necessary, in ruling on a motion to dismiss an appeal, to examine the relief sought by the appellant on appeal. If this relief is consistent with the acceptance of the benefits of the judgment or decree of the trial court, then the appeal will be heard." 271 Or at 311.

■    The relief sought by wife is not typical of domestic relations appeals. Rather than ask this court to review the record *de novo* and to increase her spousal support or order a more favorable distribution of the marital assets, *see, e.g., Grove and Grove,* 280 Or 341, 571 P2d 477 (1977), wife asks us to hold that the trial court erred, as a matter of law, in deciding that the marital settlement agreement is valid and enforceable. She requests that we remand the case to the trial court with instructions to interpret and apply the prenuptial agreement, which does not provide for spousal support. That request is inconsistent with the acceptance of three spousal support payments pursuant to the trial court's judgment. The right to receive those support payments flows directly from the marital settlement agreement, which was incorporated in the judgment. Her motion for support pending appeal was denied, because the trial court held that the only basis for spousal support is the marital settlement agreement. It is that agreement that wife asks us to declare invalid, not specific portions of the judgment, the benefits of which she has not accepted.

Wife argues that this case is controlled by *Hofer v. Hofer,* 244 Or 88, 415 P2d 753 (1966), in which the wife appealed from a judgment of dissolution, asking for a more favorable property division and increased spousal support. The husband moved to dismiss the appeal, because the wife had accepted three spousal support payments. The motion was denied, because the husband had not cross-appealed. Accordingly, the Supreme Court could only uphold the trial court's judgment or improve the wife's position. In other words, the amount of support that the wife had accepted pursuant to the judgment was the minimum that she could receive. 244 Or at 92. Because she was absolutely entitled to the support, her acceptance of it did not prejudice her appeal. 244 Or at 93.

That is not the case here. If wife prevails, the marital settlement agreement, the only basis for awarding her spousal support, would be invalidated. On remand, the trial court would then either have to apply the prenuptial agreement (no support) or, if that agreement is found to be unenforceable, to reexamine the position of the parties and determine a reasonable amount of support, if any. In neither case would the court be bound to provide a minimum level of support at $600 per month. The result of wife's appeal could very well be a judgment that she has no right to spousal support. Therefore, under the unique facts of this case, acceptance of the spousal support payments is inconsistent with her appeal from that judgment incorporating the marital settlement agreement.

Appeal dismissed. No costs to either party.