On respondent's motion to dismiss appeal filed November 14 and appellant's response to motion to dismiss filed November 27, 1991, motion to dismiss denied April 1, 1992

YEON STREET PARTNERS,
*Respondent,*

*v.*

ENVIRONMENTAL CONSULTING SERVICE,
*Appellant.*

(9012-07746; CA A69954)

828 P2d 477

Jacob Tanzer and Ball, Janik & Novack, Portland, for motion.

William B. Crow and Miller, Nash, Wiener, Hager & Carlsen, Portland, *contra.*

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff (landlord) sought specific performance of an alleged oral modification to a written lease. Landlord obtained a preliminary injunction that required tenant to vacate before trial and required landlord to pay tenant's actual moving expenses. When the case came to trial, the parties agreed that they had presented all of the evidence at the hearing on the preliminary injunction. The court therefore entered judgment granting landlord a permanent injunction on the same terms. Tenant appeals, and landlord moves to dismiss the appeal.

Landlord had purchased the building in which tenant was a commercial tenant. Tenant had leased several offices for 2 years with an option to renew for 2 additional years. Landlord sought to have those offices vacated so that it could relet the entire building to a single tenant. It alleged that tenant had agreed to vacate the offices if landlord promised to provide comparable space for the same price and to pay the moving expenses. Tenant denied the existence of any such agreement but complied with the preliminary injunction and sent an "interim invoice" to landlord for moving expenses, together with a cover letter disclaiming waiver of any rights. Landlord paid the amount invoiced.

Landlord argues first that tenant surrendered its right to appeal by accepting payment for moving expenses. Second, landlord asserts that the case is moot, because tenant has already specifically performed the contract and no issue remains to be contested. It points out that tenant voluntarily dismissed its counterclaim below and seeks no affirmative relief on appeal. Tenant argues that its compliance with the injunction does not amount to acquiescence in the judgment. It did not voluntarily vacate the offices, because it was obeying a court order that it had opposed. It did not "benefit" in any way from the trial court's judgment and should not be construed to have benefitted simply because landlord has reimbursed the out-of-pocket costs of compliance. Tenant argues that the amount that landlord has already remitted is the minimum to which tenant is entitled. It can do no worse on remand, if we reverse.

■ ■ Tenant did not surrender its right to appeal by complying with the preliminary injunction, even though the final judgment contained precisely the same terms. Compliance with a judgment does not preclude a party from maintaining an appeal, unless it appears that compliance "was voluntary, not coerced, and made with the view of settlement." *Diesel Service Unit v. Bonbright*, 276 Or 417, 421, 555 P2d 452 (1976); *see also Housley et ux v. Linnton Plywood Ass'n*, 210 Or 520, 525, 311 P2d 432 (1957); *Cottrell et ux. v. Prier et ux.*, 191 Or 571, 231 P2d 788 (1951). Because an order granting a preliminary injunction is generally not appealable, ORS 19.010; *Moran v. Lewis*, 274 Or 631, 633, 547 P2d 627 (1976), tenant had to vacate the offices or be held in contempt. Therefore, its compliance was neither voluntary nor an attempt to reach a settlement.

Landlord relies on *Clackamas Town Center v. Jandel Foods, Inc.*, 88 Or App 72, 744 P2d 280 (1987), for the proposition that "[a] party cannot simultaneously accept the benefits of a contract and maintain an appeal challenging the validity of that contract." In that case, a landlord filed an FED action to evict the tenant. The tenant tendered to the court the amount alleged to be due as rent. After judgment for the tenant, the tenant moved to disburse the money to the landlord and a stipulation to that effect was entered. The landlord appealed the judgment, but accepted payment of rent while the appeal was pending. We granted tenant's motion to dismiss the appeal. That situation is not this one.

■ Landlord also argues that tenant "cannot accept the benefits of a judgment and also pursue an appeal which may overthrow the right to those benefits." *Bates and Masvidal*, 85 Or App 614, 616, 737 P2d 973, *rev den* 304 Or 186 (1987) (citing *Nickerson v. Nickerson*, 296 Or 516, 520, 678 P2d 730 (1984)). However,

> "if it is possible for an appellant to obtain a more favorable judgment in the appellate court, without the risk of a less favorable judgment from a new trial of the whole case, then the acceptance of what the original judgment gives him does not constitute a waiver or bar to his right of appeal." *Gas-Ice Corporation v. Newbern*, 263 Or 227, 235, 501 P2d 1288 (1972). (Citations omitted.)

■ A party does not waive its right to appellate review by accepting an amount that is irrevocably conceded by the opposing party as due. *Hofer v. Hofer*, 244 Or 88, 94, 415 P2d 753 (1966). The judgment was rendered precisely as landlord requested. Landlord has not cross-appealed any part of it and has not contested the amount already paid for moving expenses under the judgment. *See Hofer v. Hofer, supra*, 244 Or at 96. Therefore, tenant cannot lose any more than it has already lost if the appeal or a new trial is decided against it.

■ Landlord also argues that the case is moot, because tenant has already moved, has not claimed additional moving expenses and has not counterclaimed for damages. We are unconvinced that tenant would have no recourse against landlord to recover damages that tenant incurred as a result of complying with the preliminary injunction, should we find the injunction to have been wrongful. *See, e.g.*, ORCP 82A(1)(a); ORCP 82B; *Pearson v. Sigmund*, 263 Or 626, 630, 503 P2d 702 (1972). We also cannot predict what collateral consequences tenant might suffer from our refusal to review the judgment of permanent injunction. We therefore deny landlord's motion to dismiss tenant's appeal.

Motion to dismiss denied.