Argued and submitted February 21, respondent's motion to dismiss denied; remanded with instructions in part; otherwise affirmed September 11, 1996

In the Matter of the Marriage of

Diana Sue MASK,
*Appellant - Cross-Respondent,*

*and*

Tracy Leon MASK,
*Respondent - Cross Appellant.*

(15-94-10460; CA A88811)

923 P2d 1304

George W. Kelly argued the cause for appellant - cross-respondent.

Richard L. Fredericks argued the cause for respondent - cross-appellant. With him on the brief was Dennett & Fredericks, P.C.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Wife appeals from a dissolution judgment, assigning error to the amount and duration of the trial court's award of spousal support. Husband cross-appeals the support award. On *de novo* review, we modify the award.

At the time of trial, husband, age 52, and wife, age 45, had been married for 24 years. Wife worked during part of the marriage, but stayed home to care for their two children while they were young. She is trained in office administration and is currently employed as a library assistant at Cottage Grove High School and earns about $1,280 per month for the ten-month school year.

Husband has a GED and currently works for a milling company in which he has a minority interest. He earns a gross base salary of $2,040 per month. However, in addition to his salary, he receives additional income from the company in the form of dividends. His gross monthly income in 1994 was about $12,600, and in 1993, it was about $9,000. Husband testified that the company's business was down in 1995. However, at the time of trial, husband's dividend income for 1995 had not decreased.

The trial court awarded wife assets worth approximately $196,500, including the family home. Husband was awarded property valued at $198,800. Wife's award included an equalizing judgment of $93,595.75, to be paid by husband at a rate of $1,600 for approximately six and one-half years. Wife was awarded spousal support of $500 per month for a period of ten years.

Husband moved to dismiss wife's appeal on the ground that she has accepted the benefits of the trial court judgment and, therefore, she has waived the right to appeal. We deny husband's motion. Wife has accepted monthly support payments, payments on the equalizing judgment, and title to property awarded to her in the dissolution judgment has been transferred to her. Husband acknowledges that, under the applicable case law, a party may accept the benefits of a judgment and still maintain the right to appeal if, by appealing, the party does not risk a less favorable judgment.

*See Nickerson and Nickerson*, 296 Or 516, 678 P2d 730 (1984); *Yeon Street Partners v. Environmental Consulting*, 112 Or App 251, 254, 828 P2d 477 (1992). Husband contends that here, however, wife has put her judgment at risk, because, *as a result of his cross-appeal*, her entitlement to benefits under the dissolution judgment is at risk.

■ Husband is correct that a party may appeal a judgment after accepting the benefits of that judgment *only* if the appeal does not jeopardize those portions of the judgment from which the appellant has benefitted. *Schlecht v. Bliss*, 271 Or 304, 309, 532 P2d 1 (1975). We disagree, however, that husband's cross-appeal requires that the appeal be dismissed. In its decision in *Schlecht*, the Supreme Court explained why a cross-appeal in these circumstances should not result in a dismissal of an appeal:

> "The defendant contends that the plaintiffs' appeal should be dismissed because, unlike *Hofer* [*v. Hofer*, 244 Or 88, 415 P2d 753 (1966)] and *Gas-Ice* [*Corporation v. Newbern*, 263 Or 227, 501 P2d 1288 (1972)], the defendant has cross appealed and this court can therefore render a judgment less favorable to plaintiffs [the appellants] than the judgment entered in the trial court.

> "We do not believe that the plaintiffs' appeal should be dismissed because the defendant has cross appealed. If the defendant had not filed a cross-appeal, it is clear that the court could not have dismissed plaintiffs' appeal on the grounds that plaintiffs had accepted part of the benefits. The effect of a cross-appeal was not before the court in *Hofer* and *Gas-Ice*, and those cases should not be construed to defeat an otherwise valid appeal merely by the filing of a cross-appeal.

> "If a cross-appeal could prevent the original appellant from pursuing a valid appeal on the grounds the cross-appeal allows the appellate court to possibly reduce the award given the original appellant, the cross-appeal could be used as a vehicle to dismiss the original appeal. The losing party could pay part of the judgment, file what could amount to a completely spurious cross-appeal, and by doing so secure the dismissal of the original appeal." *Id.* at 313-14.

Wife's appeal did not put the benefits of the judgment at risk and, for the above reasons, husband's cross-appeal does not

provide a basis for dismissal. Accordingly, we conclude that husband's motion to dismiss should be denied.[1]

Wife assigns error to the trial court's award of spousal support. She asserts that the amount should be increased and that support should be indefinite. Husband, in his cross-appeal contends that the spousal support award should be reduced or eliminated.

In determining the appropriate level of spousal support, we attempt to award "such amount of money for such period of time as it may be just and equitable" for the supporting party to pay. ORS 107.105(1)(d). The purpose of an award of spousal support is not to eliminate all disparities in the parties' incomes or to enable one party to look to the other for support, if self-support at a reasonable level is or will be possible. *Grove and Grove*, 280 Or 341, 571 P2d 477, *mod* 280 Or 769, 572 P2d 1320 (1977); *Ley and Ley*, 133 Or App 138, 890 P2d 440 (1995); *Christensen and Christensen*, 123 Or App 412, 859 P2d 1192 (1993). Under ORS 107.105(1)(d)(A)-(M), there are a number of factors, none of which is dispositive, that we consider in deciding on the proper level of support. Those factors include, but are not limited to, the age and health of the parties, the length of the marriage and the parties' earning capacity considering their education, skills and work experience, the extent to which earning capacity may have been impaired because of absences from the job market to attend to family needs, as well as the parties' overall financial circumstances. Our objective is to allow both parties, to the extent possible, "to achieve an economic standard of living not overly disproportionate to that enjoyed during the marriage." ORS 107.105(1)(d)(M). *Krutsinger and Krutsinger*, 140 Or App 215, 914 P2d 1096 (1996); *McLennan and McLennan*, 140 Or App 379, 914 P2d 711 (1996).

In this case, it is clear that husband's earning capacity is significantly greater than wife's and will remain so. As

---

[1] There is some language in our decisions in *Yeon Street Partners v. Environmental Consulting*, 112 Or App 251, 828 P2d 477 (1992), and *Bates and Masvidal*, 85 Or App 614, 737 P2d 973, *rev den* 304 Or 186 (1987), that could possibly be read to imply that the filing of a cross-appeal in these circumstances could require a dismissal. To the extent that that language is inconsistent with *Schlect*, we disavow it.

discussed above, husband is presently earning approximately $12,600 per month. Wife, on the other hand, is earning about $1,280 as a library assistant for ten months of the year. This disparity in earning capacity has existed during this fairly lengthy marriage, 24 years, and, as the trial court concluded, it most probably will continue because it is not likely that wife's earning capacity will increase significantly in the future.

■      Husband contends that he should not be required to pay spousal support, or that it at least should be reduced, because wife does not need support in light of the fact that she received substantial assets in the property division and because the parties lived a fairly frugal lifestyle during the marriage. It appears from the evidence here that considering the parties' income, at least during the last few years of the marriage, they did live somewhat frugally. However, that fact alone should not be determinative. The more pertinent inquiry in a case such as this is what are wife's present needs and what is husband's ability to pay.

■      Further, we also do not agree with husband that the assets that wife received in the property division here should preclude an award of spousal support. The equalizing judgment that wife received does provide her with additional monthly income for a limited time period. However, that award represents a portion of her share of the parties' assets, and husband received equivalent assets, including the parties' interest in husband's business, which, at least as of the time of trial, was a major income-producing asset. As mentioned above, our goal is not to equalize the parties' income, and the spousal support award here certainly will not do that. However, husband has the earning capacity to pay a level of support that will allow wife to maintain a standard of living not overly disproportionate to that *available* to the parties during the marriage.

■      Husband also argues that support should be reduced because, although he has done well financially in the past few years, it is his belief that his business will soon take a down turn. He asserts that it is unfair to award support based on speculation as to what will occur in the future. As he explains: "It is really impossible to predict the value of his

shares, or his income, that far into the future." It is true that we must inevitably engage in some speculation in determining the parties' future financial circumstances. However, in making that determination, we must rely on the best evidence available, which, in most instances, is the financial history of the parties. Here, the evidence shows that husband's income has increased and remained fairly steady in the last few years. Absent specific evidence indicating that this is going to change, it is reasonable to assume that his earnings will continue at or near their present level. Of course, in the event that husband's income does decrease substantially, he may seek a modification of spousal support. After considering the circumstances here, in particular the parties' earning capacities, the length of the marriage and the overall financial circumstances of the parties, we conclude that it is just and equitable for husband to pay $1,000 per month in spousal support for an indefinite time period.

Respondent's motion to dismiss denied; remanded with instructions to enter modified judgment awarding wife indefinite spousal support of $1,000 per month, effective June 18, 1995; otherwise affirmed on appeal and cross-appeal. Costs, not including attorney fees, to wife.