Erica M. SMITH, Respondent
Below, Appellant,

v.

Sheila A. SMITH, Petitioner
Below, Appellee.

No. 232, 2005.

Supreme Court of Delaware.

Submitted: Feb. 28, 2006.

Decided: March 7, 2006.

Lois J. Dawson, Wilmington, DE, for appellant.

Suzanne I. Seubert, Wilmington, DE, for appellee.

Christine K. Demsey, Wilmington, DE, amicus curiae for Professor Joan Heifetz Hollinger.

Drewry Nash Fennell, American Civil Liberties Union of Delaware, Wilmington, DE, for American Civil Liberties Union, American Civil Liberties Union of Delaware, Children and Families First, and The Delaware Coalition Against Domestic Violence.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

This proceeding is a custody dispute involving children who were born during a relationship between the respondent-appellant, Erica Smith ("Erica") and the petitioner-appellee, Sheila A. Smith ("Sheila").[1] The children are nine-year old triplets named Joan, Erin and Michael; and Samantha, who is now five years old. Erica is the biological mother of the triplets. Sheila is Samantha's biological mother.

Sheila initiated this action by filing a petition for joint custody of the four children, alleging that she is a parent of the triplets under the Delaware Parentage Act or, in the alternative, based on the *de facto* parent doctrine. The Family Court found that Sheila is a *de facto* parent of the triplets and had standing to seek custody.

Following a four-day evidentiary hearing, the Family Court awarded joint custody to both parties with primary residential placement of the triplets in Erica's home and standard visitation to Sheila.[2]

In this direct appeal, Erica challenges the final judgment of the Family Court that awarded Sheila joint custody of the triplets. Erica alleges that Sheila is not a biological parent, and thus has no legal right to seek custody of the triplets, and that the Delaware courts have no power to consider Sheila's petition. The record also reflects, however, that Erica filed an action seeking child support from Sheila for the triplets. Erica prevailed in the child support action and is receiving child support from Sheila for the triplets, based upon the joint custody judgment and residential placement decision that Erica challenges in this appeal.

We have concluded that the "acceptance of the benefits" doctrine requires Erica's appeal to be dismissed. Accordingly, we do not reach the merits of the Family Court's decisions that determined Sheila to be a *de facto* parent of the triplets and awarded her joint custody of the triplets with Erica.

### Facts

Sheila and Erica were in a relationship from 1994 until 2003. Three years into their relationship, Erica was inseminated with sperm from an anonymous donor and gave birth to the triplets: Joan, Erin and Michael. Several years later, using the same anonymous sperm donor, Sheila gave birth to Samantha. Thus, Samantha and the triplets are genetic half siblings.

---

1. The Court has assigned pseudonyms to the appellants pursuant to Supreme Court Rule 7(d).

2. After the Family Court's order holding that Sheila is a parent for purposes of custody and visitation, Erica sought and was awarded an order of child support from Sheila.

The couple and the four children lived together in a five-bedroom house in Delaware. In August 2003, Erica and Sheila concluded that they could no longer continue living together. They executed an agreement on October 30, 2003, which designated Sheila as the residential parent of the four minor children. The agreement also provided that Erica would have visitation every day after school and on alternating weekends. In December 2003, however, Erica informed Sheila that she would no longer abide by the agreement and took the triplets from Sheila's home.

### Joint Custody Decision

Sheila filed a petition for joint legal and physical custody of the children on January 28, 2004. Erica filed a motion to dismiss Sheila's petition arguing that Sheila lacked standing to seek custody of Joan, Erin or Michael. On November 18, 2004, the Family Court held that Sheila was a *de facto* parent and had standing to seek custody of the triplets under title 13, section 721 of the Delaware Code. Accordingly, the Family Court denied Erica's motion to dismiss Sheila's petition for joint custody and scheduled a hearing.

On May 6, 2005, the Family Court held that it is in "the best interests of the triplets to award joint custody to both parties [Sheila and Erica] with primary residence in [Erica's] home." The Family Court ordered that Sheila would have visitation with the triplets pursuant to the "Standard Visitation Guidelines." The Family Court noted that although Erica did not formally request visitation with Samantha, such visitation should "occur frequently and regularly, particularly since the triplets appear to have a strong relationship with Samantha."

### Child Support Decision

Erica filed a petition against Sheila for child support. Erica argued that Sheila "owes a legal duty of support to the [triplets]" and requested that Sheila be ordered to pay retroactive child support for a two-year period. Sheila filed a cross petition against Erica for support of all four children. The child support actions were held in abeyance until the issues of custody and residential placement were decided.

The Family Court issued a decision on June 24, 2005 requiring Sheila to pay child support to Erica for the triplets care in the amount of $721 per month, which Sheila continues to pay today. The judgment awarding child support recites that the basis for its entry was the Family Court's prior decisions of November 18, 2004 and May 6, 2005. These are the same *de facto* parent determination and joint custody judgments that are the subject matter of this appeal.

### Contradictory Legal Arguments

On May 27, 2005, Erica filed a notice of appeal, challenging Sheila's status as a *de facto* parent and her entitlement to maintain a parental relationship with the triplets. In this appeal, Erica asserts:

The Petitioner [Sheila] in this matter has no standing. The Petitioner [Sheila] is not the natural or adoptive parent. Delaware law has clearly defined the word parent as a person who has a legal relationship of parent to a child. The Petitioner [Sheila] does not hold a legal relationship and therefore has no right to file a Petition for Custody of the minor children of their biological mother, the Respondent [Erica] in this instant case.

The final judgment that is the subject of this appeal is the Family Court decision dated May 6, 2005 that awarded joint custody of the triplets to Sheila and Erica, primary residential placement with Erica, and standard rights of visitation to Sheila.

This appeal also challenges an interlocutory decision by the Family Court dated November 18, 2004 that determined Sheila was a *de facto* parent of the triplets.

Erica has intentionally pursued and continues to receive child support benefits from Sheila for the triplets, based on the *de facto* parent determination and joint custody judgment from which Erica now appeals. In this appeal, Erica asserts that the joint custody judgment and *de facto* parent determination are invalid because *Sheila has no legal relationship to the triplets.* Conversely, following the entry of those decisions, Erica relied upon those judgments to successfully argue that *Sheila owed a "legal duty to support the triplets."*

### Acceptance of Benefits Doctrine

██ "No rule is better settled than that a litigant who accepts the benefits or any substantial part of the benefits of a judgment or decree is thereby estopped from reviewing and escaping from its burdens. [She] cannot avail [herself] of its advantages, and then question its disadvantages in a higher court."[3] Accordingly, it is well-settled law that an appellant who accepts the benefits of a judgment cannot pursue an appeal that may invalidate the rights to those benefits if successful.[4]

██ The "acceptance of the benefits" doctrine provides that an appeal from a judgment is prohibited when the appellant has voluntarily accepted benefits from that judgment.[5] In this case, Erica has accepted child support benefits from Sheila for the triplets that were awarded on the basis of the *de facto* parent determination and the joint custody judgments that Erica seeks to overturn in this appeal. Consequently, we have concluded that this appeal must be dismissed.

### Conclusion

This appeal is dismissed.

3. *Albright v. Oyster,* 60 F. 644 (8th Cir.1894). See *In re Marriage of Bates,* 85 Or.App. 614, 737 P.2d 973, 974 (1987); *In re Electric Power & Light Corp.,* 176 F.2d 687, 690 (2nd Cir. 1949); *Smith v. Morris,* 69 F.2d 3, 4–5 (3rd Cir.1934); *Tudor Associates, Ltd., II v. Rulisa Operating Co.,* 20 F.3d 115, 118 (4th Cir. 1994); *Kaiser v. Standard Oil Co. of New Jersey,* 89 F.2d 58, 59 (5th Cir.1937); *Tech Hills II Associates v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 969 (6th Cir.1993); *Sligo, Inc. v. Nevois,* 84 F.3d 1014, 1018 (8th Cir.1996); *Wynfield Inns v. Edward LeRoux Group, Inc.,* 896 F.2d 483, 489 (11th Cir. 1990).

4. See *In re Marriage of Bates,* 85 Or.App. 614, 737 P.2d 973, 974 (1987).

5. See *Sligo, Inc. v. Nevois,* 84 F.3d 1014, 1018 (8th Cir.1996); *Wynfield Inns v. Edward LeRoux Group, Inc.,* 896 F.2d 483, 489 (11th Cir.1990).