CITY OF HARRISBURG,
an Oregon municipal corporation,
*Plaintiff-Respondent,*

*v.*

Ellen LEIGH,
*Defendant-Appellant.*

Linn County Circuit Court
082737; A144466

295 P3d 138

Adam R. Kelly argued the cause for appellant. With him on the briefs were Cynthia M. Fraser and Garvey Schubert Barer.

Andrew P. Noonan argued the cause for respondent. With him on the brief was Long, Delapoer, Healy, McCann & Noonan, P.C.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Defendant appeals a general judgment that condemns real property that she owns, vests title to that property with the City of Harrisburg, and awards her compensation for the taking, and from a supplemental judgment that allows an award of part of her attorney fees and costs. Defendant contends that the trial court erred in awarding just compensation for only the fair market value of the land that was acquired, as opposed to compensating her for the value of the land and improvements to the property. She also contends that the court erred in reducing the amount of her allowed attorney fees because she did not obtain a larger amount of compensation. We agree with both of defendant's contentions. Accordingly, we reverse and remand.

The relevant facts are undisputed. Defendant owned a small parcel of land in Harrisburg. In 1996, mistakenly believing that it owned the parcel, the city constructed a municipal water well and waterworks on the property without defendant's knowledge. Since that time, the city has used the well and waterworks to supply its water utility. After the mistake was discovered in 2007, the city filed claims for adverse possession and easement by prescription, and defendant filed a counterclaim for ejectment. In July 2008, a judgment was entered in defendant's favor. That judgment provided that

> "*plaintiff has no right, title, or interest in the Property*, is wrongfully withholding possession of the Property and shall relinquish possession of the Property, including, but not limited to, decommissioning the well it constructed on the Property, to defendant before September 1, 2008."

(Emphasis added.) However, the city failed to relinquish possession of the property or decommission the well prior to September 1, 2008. Instead, on August 27, 2008, the city declared by resolution that the property was needed for public use. *See* ORS 35.235(1) (requiring condemnor to declare by resolution or ordinance the need to acquire property for a particular purpose). The next day, the city offered defendant $7,425 as just compensation for the property. Defendant did not accept the city's offer, and, on September 2, 2008—one

day after the ejection deadline imposed by the judgment—the city filed this condemnation action. That same day, the city served notice of immediate possession and deposited $7,425 with the court. *See* ORS 35.265(1) (immediate possession of the property requires condemner to deposit amount estimated to be just compensation with the court).

At the condemnation trial, defendant asserted that the ejectment judgment conclusively established that she was the owner of the property, including its improvements, and that, accordingly, she was entitled to compensation for the value of the property as improved. Defendant also argued that the city had abandoned any interest it may have had in the well by failing to decommission it by September 1, 2008. The city responded that it owned the well and that defendant was therefore not entitled to compensation for its value. The trial court agreed with the city, concluding as follows:

> "As both parties know, the well was constructed on Defendant's property by mistake some years before any controversy arose. After the mistake was discovered, Plaintiff filed a claim for adverse possession and Defendant filed a counterclaim for ejectment. That case was decided in favor of the Defendant landowner. Of particular note was the specific language used in the judgment. After finding that the landowner was entitled to 'exclusive possession of the property' and that the city had no 'right, title, or interest in the property,' the court ordered the city to 'relinquish possession of the property, including, but not limited to, **decommissioning the well it constructed on the property**, to defendant before September 1, 2008.' * * * From this language, Defendant asserts that since the city did not in fact decommission the well and relinquish possession of the property, that Defendant then became owner of the well and other improvements. From the unambiguous language of the judgment, the city had the right to 'decommission' the well. That process includes removing the pump, fencing, etc and cementing the well shaft. If the court had contemplated a 'forfeiture,' it could and should have so ordered. By 'decommissioning' the well the city would necessarily have the right to remove items like the pump for their use. As it turned out, the city filed a condemnation suit on the first legal day after September 1, 2008. I do not find that the pump, well equipment, fencing,

etc was forfeited to Defendant by operation of the court's order in the prior case."

(Boldface in original.) The court concluded that the value of the *unimproved* property was $11,000. Accordingly, in a general judgment, the court credited defendant with receiving $7,425, which she had withdrawn from the court, and ordered the city to tender the remaining $3,575 "to the defendant by and through her attorney."

The court also determined that defendant was entitled to attorney fees. *See* ORS 35.346(7)(a) (a defendant is entitled to reasonable attorney fees where the compensation awarded at trial is greater than the condemner's highest written offer of settlement prior to the condemnation action). Defendant requested $63,225.75 in attorney fees. After a hearing, the court entered a supplemental judgment awarding defendant $45,000 in attorney fees and $9,045.35 in costs. In doing so, the court explained that it was

"troubled by the claim that the entire well, pump, enclosure, fence, etc. would be forfeited to Defendant because the City did not vacate by the time set out in the prior court order. I do not feel that this is a reasonable interpretation of the order and I question whether time expended on that issue by Defendant's counsel was reasonable. * * * It is difficult to tell what amount of time was expended on this part of the case. I also note that I felt that the land value claimed by Defendant was substantially inflated. This certainly doesn't mean that the Defendant doesn't get to claim attorney fees, because the statute specifically grants the same but when the verdict is slightly over the offer made by Plaintiff ($7,500 compared to $11,000) and the demand from the landowner ($115,000, down from $150,000) is roughly ten times the value determined, it raises questions about the 'value' of attorney services dedicated to proving the inflated amount."

Defendant filed a satisfaction of general judgment and supplemental judgment, acknowledging that she had received $3,575 in compensation (in addition to the $7,425 that she had withdrawn from the court) and $54,045.35 for attorney fees and costs.

On appeal, defendant reiterates her argument from below that the court erred in concluding that she was not

entitled to compensation for the property as improved. She argues that the ejectment judgment "established that [she] was entitled to title and possession of the property and well improvements on the date of condemnation." In defendant's view, "the only right provided plaintiff in the ejectment judgment is the right, and obligation, to relinquish possession of the property and decommission the well by a specified date (which presumably included removing whatever parts of the well improvement could be removed)." Additionally, defendant contends that the court erred as a matter of law in reducing her attorney fee award.

The city responds, first, that defendant waived her right to appeal both the general and supplemental judgments by accepting the award of $3,575 in additional compensation[1] and the award of $54,045.35 in attorney fees and costs. On the merits, the city argues that the ejectment judgment did not establish defendant's ownership of the well and that the court did not err in reducing the attorney fee award.

We first address the city's contention that defendant waived her right to appeal. The city argues that ORS 35.365[2] precludes defendant from appealing both judgments and that, even if it does not, defendant waived her right to appeal under the common law by accepting the benefits of both judgments. Defendant responds that ORS 35.365 applies only when a defendant *withdraws compensation* that has been deposited with the court. She asserts that she did not waive her right to appeal the general judgment awarding compensation because she did not "withdraw[] the compensation" from the court; rather, the city tendered compensation to defendant directly through her attorney. Defendant further asserts that she did not waive her right to appeal the supplemental judgment because ORS 35.365

---

[1] Defendant's withdrawal of the compensation ($7,425) deposited by the city for immediate possession under ORS 35.265 did not waive her right of appeal. *See* ORS 35.285(2) (withdrawal of deposit from the court does not waive right of appeal).

[2] ORS 35.365 provides, in relevant part:

"If the defendant withdraws the compensation awarded by the court or jury, the defendant waives the right of appeal; and, if the defendant does not, such sum shall remain in the control of the court, to abide the event of the appeal."

applies only to an award of compensation and not to an award of attorney fees and costs. Finally, defendant argues that she did not otherwise waive her right to appeal under the common law because her "appeal is not inconsistent with the acceptance of the benefits."

Whether ORS 35.365 precludes defendant from appealing either judgment is a question of statutory interpretation. When construing a statute, we examine the text of the statute in context, along with any relevant legislative history, to discern the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

As noted, ORS 35.365 provides, in part, that,

"[i]f the defendant *withdraws the compensation awarded by the court or jury*, the defendant waives the right of appeal; and, if the defendant does not, such sum shall *remain in the control of the court*, to abide the event of the appeal."

(Emphases added.) The statute, by its terms, applies only to *"compensation* awarded by the court or jury" and not to attorney fees or costs. (Emphasis added.) Moreover, it precludes a defendant from appealing a judgment awarding compensation *only* when that compensation has been tendered to the court by the condemner and withdrawn by the defendant. *See also* ORS 35.325 ("Upon the assessment of the compensation by the jury, the court shall give judgment appropriating the property in question to the condemner, conditioned upon *the condemner's paying into court the compensation assessed* by the jury[.]" (Emphasis added.)). Here, the general judgment awarding compensation ordered the city to tender $3,575 "to the defendant by and through her attorney." Nothing in the record suggests that defendant withdrew that compensation from the court. As such, ORS 35.365 does not preclude defendant from appealing either the general judgment awarding compensation or the supplemental judgment awarding attorney fees and costs.

Nor did defendant waive her right to appeal by accepting the benefits of the general and supplemental judgments. Under the common law, it is well established that "a party may appeal a judgment after accepting

the benefits of that judgment *only* if the appeal does not jeopardize those portions of the judgment from which the appellant has benefitted." *Mask and Mask*, 143 Or App 377, 380, 923 P2d 1304 (1996) (emphasis in original) (citing *Schlecht v. Bliss*, 271 Or 304, 309, 532 P2d 1 (1975)); *see also Nickerson v. Nickerson*, 296 Or 516, 520, 678 P2d 730 (1984) ("[A]n appellant cannot accept the benefits of a judgment and also pursue, by appeal, a course which may overthrow the right to those same benefits."). Here, defendant does not challenge the city's power to acquire her property by eminent domain. Rather, defendant contends that the court erred in concluding that she was not entitled to additional compensation for the increase in the fair market value of the property that is attributable to its improvements. In doing so, defendant does not put the benefits of the general judgment at risk. Similarly, defendant's contention on appeal that the court erred by declining to award her the full amount of her requested attorney fees does not jeopardize her right to the $54,045.35 in attorney fees and costs already awarded. Those fees and costs are not at issue on appeal. *Cf. Schlecht*, 271 Or at 310 n 1 (noting that "acceptance of an award of damages does not preclude an appeal on the ground that those damages were inadequate"). Accordingly, defendant did not waive her right to appeal either judgment.

We therefore turn to the merits of defendant's contention that the trial court erred in concluding that she was not entitled to compensation for the value of the property *as improved.* As noted, defendant contends that the 2008 judgment ejecting the city from the property established that she was the owner of the land and its improvements on the date that the city filed its condemnation action. On that basis, defendant contends that she is owed additional compensation for the increased value of the property that is attributable to those improvements. The city responds that the ejectment judgment "did not forfeit the well or associated improvements to defendant but, rather, required that the well be decommissioned." In the city's view, the trial court correctly concluded that the city owned the well and that, accordingly, it was not obligated to compensate defendant for any increase in the value of the property attributable to it.

A public body that takes private property for public use must pay the property owner "just compensation." Or Const, Art I, § 18. "It is well established that where, as here, there is a total taking of the land for public use, the owner is to be compensated by receiving the fair cash market value of the land, which includes the land itself and any improvements thereon which are a part of the realty." *Highway Commission v. Holt et ux*, 209 Or 697, 699, 308 P2d 181 (1957) (citing *Highway Comm. v. Superbilt Mfg. Co.*, 204 Or 393, 281 P2d 707 (1955)). The value of the property is measured "as of the date the condemnation action is commenced or the date the condemnor enters on and appropriates the property, whichever first occurs." *Dept. of Trans. v. Lundberg*, 312 Or 568, 574 n 6, 825 P2d 641, *cert den*, 506 US 975 (1992).

Here, prior to commencement of the condemnation action, the parties litigated the issue of ownership of the property. As a result of that litigation, judgment was entered in favor of defendant, ejecting the city and establishing that the city had "*no right, title, or interest in the Property*" and determining that the city was "wrongfully withholding possession of the Property." (Emphasis added.) That judgment is conclusive as to ownership and the right to the possession of the property, including the well. *See* ORS 105.055(1) ("[T]he judgment in an action to recover the possession of real property is conclusive as to the estate in the property and the right to the possession thereof, so far as the same is thereby determined, upon the party against whom the judgment is given, and against all persons claiming from, through or under such party, after the commencement of the action."). Accordingly, we agree with defendant that, read in context, the judgment's requirement that the city decommission the well by September 1, 2008, did not establish ownership of the well; rather, it provided the city with an equitable right to recover the value of the improvements until that date. That right was extinguished when the city failed to do so by the deadline.

In this case, the value of the property is measured as of September 2, 2008—the date that the condemnation

action was commenced.[3] On that date, the property remained improved with the well and related components. The city nevertheless contends that, under the rule established in *O. R. & N. Co. v. Mosier*, 14 Or 519, 13 P 300 (1887), it is not obligated to compensate defendant for improvements that it constructed because they are not part of the realty. In that case, a railroad company built railroad tracks on private property without the owner's consent. *Id.* at 519. When the railroad company later condemned the property, the Supreme Court held that the landowner was not entitled to compensation for the railroad tracks. In doing so, it explained that the general rule—that fixtures attached to the soil become a part of the realty—did not apply where the fixtures were affixed "for the encouragement of trade, manufactories and transportation." *Id.* at 520. Under those circumstances, "[i]t is not intended that compensation shall extend beyond the loss and injury, including that which the landowner had not when the property was taken[.]" *Id.* at 524-25; *see also State Highway Com. v. Stumbo et al*, 222 Or 62, 65, 352 P2d 477 (1960) ("The common law maxim, *'quicquid plantatur solo, solo cedit,'* (whatever is affixed to the soil belongs to the soil) has rarely been applied to make a trespassing corporation, invested with the power of eminent domain, pay the value of its own improvements."); *Santiam Lumber Co. v. Conhaim*, 218 Or 220, 226, 344 P2d 247 (1959) (condemnee not entitled to compensation for value of road that had been constructed by condemner at its "sole cost and expense"). Defendant responds that that rule does not apply where ownership of a fixture has been adjudicated prior to the condemnation proceeding and established in favor of the landowner.

As noted, prior to filing its condemnation action, the city attempted to establish ownership of the property through adverse possession. The result of that action (and defendant's counterclaim for ejectment) was a judgment that provided that the city had "no right, title, or interest in

---

[3] The city does not argue that the date of the condemnation was the earlier time when it entered the property and constructed the well. Notably, the ejectment judgment determined that the city had "no right, title, or interest in the Property," including any possessory right by virtue of an earlier appropriation of the property, and that the city was "wrongfully withholding possession of the Property."

the Property" and necessarily established that the city had not appropriated the property when it originally entered and built the well. Accordingly, ownership of the property, including the well, was adjudicated prior to the condemnation proceeding. Put simply, the judgment determined that the city had no title or possessory interest in the well and waterworks as of September 1, 2008. That fact distinguishes the current case from *Mosier* and its progeny. In each of those cases, no prior judgment established ownership of the fixture and its status remained at issue during the condemnation proceeding. In sum, even if the rule from *Mosier* might otherwise apply, we cannot ignore the ejectment judgment's plain language establishing that the city had *no* interest in the property prior to its filing of the condemnation action. Accordingly, defendant is entitled to compensation equal to the fair market value of the *improved* property, and the trial court erred in concluding otherwise. On remand, defendant is entitled to additional compensation for any increase in the fair market value of the property that is attributable to its improvements.

Finally, we consider whether the court erred in reducing defendant's attorney fee award. "We normally review the amount of an award of attorney fees for abuse of discretion. However, when the trial court bases its award on a legal conclusion, we review both the conclusion and the award for errors of law." *Cascade Corp. v. American Home Assurance Co.*, 206 Or App 1, 14, 135 P3d 450 (2006), *rev dismissed*, 342 Or 645, 165 P3d 1176 (2007). In this case, the trial court reduced defendant's attorney fee award based, at least in part, on its erroneous conclusion that defendant's interpretation of the ejectment judgment was unreasonable, and on the small size of the compensation award. The trial court erred in doing so. *See id.* (because the appellant was entitled to a larger judgment, the trial court erred in relying on the small size of the judgment in determining attorney fee award); *see also City of Bend v. Juniper Utility Co.*, 242 Or App 9, 33-34, 252 P3d 341 (2011) ("Because we have partially reversed the trial court's award of just compensation, we likewise reverse the accompanying attorney fee award."). Accordingly, we vacate the supplemental judgment and remand for the trial

court to consider whether, in light of our conclusion that defendant is owed additional compensation for the value of the property as improved, defendant is entitled to additional attorney fees.

General judgment reversed and remanded for entry of judgment awarding additional compensation for any increase in fair market value of the property that is attributable to its improvements; supplemental judgment vacated and remanded for reconsideration.