Argued and submitted May 20, 2015, affirmed September 14, 2016

**BEAVERTON SCHOOL DISTRICT 48J,**
a public school district of Oregon,
*Plaintiff-Respondent,*

*v.*

**David B. WARD,**
as Successor Trustee of
the Harold K. Ward Revocable Trust 12/17/92;
David B. Ward and Hal K. Ward, as
Co-Trustees of the Residuary Credit Shelter Trust
under last will of Alma Ward 01/30/85;
and Ward Properties, LLC,
an Oregon limited liability company,
*Defendants-Appellants.*

Washington County Circuit Court
C124262CV; A156258

384 P3d 158

Christine N. Moore argued the cause for appellants. With her on the briefs was Landye Bennett Blumstein LLP.

Bruce H. Cahn argued the cause for respondent. With him on the brief were Jack L. Orchard, Jr., Amy Heverly, and Ball Janik LLP.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**DEVORE, J.**

Defendants, David Ward, Hal Ward, and Ward Properties, LLC (collectively, the Wards), appeal a supplemental judgment awarding them attorney fees in an amount less than they requested. Plaintiff, Beaverton School District (the school district), condemned the Wards' property through the exercise of its powers of eminent domain. Although the parties disputed the valuation of the condemned property, they eventually settled the case after an offer to compromise. The offer left determination of attorney fees to the court. The court awarded the Wards' fees in a supplemental judgment. They appeal, contending that the trial court erred in ruling that their arguments as to valuation were not objectively reasonable. We affirm.

We review the trial court's award of attorney fees for an abuse of discretion. ORS 20.075(3) (reviewing court "may not modify the decision of the court in making or denying an award, or the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion"). "[T]he proper exercise of discretion may be predicated on the trial court's determinations of questions of law or fact— and those determinations, in turn, may implicate independent standards of review." *Niman and Niman,* 206 Or App 400, 415, 136 P3d 1186 (2006). We review for legal error the trial court's determination that the Wards lacked an objectively reasonable basis for their valuation arguments. *Lenn v. Bottem,* 221 Or App 241, 248, 190 P3d 399, *rev den,* 345 Or 503 (2008); *Secor Investments, LLC v. Anderegg,* 188 Or App 154, 175, 71 P3d 538, *rev den,* 336 Or 146 (2003).

The underlying dispute involves 30.73 acres of land in Beaverton previously owned by the Wards. In June 2010, the Beaverton School District sought to acquire the property to provide space for a school. The parties attempted to negotiate a sale for some time but without success. Before suit, their final offer and counteroffer were several million dollars apart. In February 2012, the school district's board of directors authorized and directed the district superintendent to immediately proceed, by exercise of its powers of eminent domain, to acquire the Wards' property. *See* ORS 332.182 (condemnation of realty for school purposes).

The school district filed a complaint on July 6, 2012. The parties continued to dispute proper valuation of the property. More specifically, they disagreed about the applicable date of the taking from which a fair value of the property should be determined. The school district contended that just compensation was $2,920,000, while the Wards argued it was $9,019,255. The Wards relied upon a valuation that looked to the "date of trial" as the date of the taking.[1] The school district argued that the filing of the complaint was the date of the taking.

On the first day scheduled for trial, the parties appeared on a motion *in limine* in which the school district sought to exclude the Wards' property appraisals. The school district asserted that the appraisals offered by the Wards impermissibly considered occurrences after the date that the complaint had been filed, July 6, 2012. The court granted the motion, determining that the Wards' appraisers "used dates of valuation inconsistent with [extant case law]." The court concluded that "valuation is done at the time of taking and *** that is the date of filing, which is July 6, 2012[.]"[2]

Thereafter, the Wards accepted the amount that had been submitted as an offer of compromise—$3,687,600, not including costs, disbursements, attorney fees, and expenses. The trial court entered a general judgment, stating that the Wards would be awarded

> "attorneys' fees and expenses, as determined by the court to have been incurred before service of the Offer of Compromise ***. Said costs, disbursements, attorneys' fees and expenses shall be in an amount to be determined by the court pursuant to ORCP 68 and ORS 20.075(2), and set forth in a Supplemental Judgment in this matter."

*See* ORS 35.300(2) ("If an offer of compromise under this section does not specifically include amounts for costs and disbursements, attorney fees and expenses, upon acceptance

---

[1] On September 10, 2013, two weeks before trial, the school district made an offer of compromise, but the Wards did not respond. That offer was for $3,687,600.

[2] The school district had also moved to exclude any appraisals that had not been completed more than 60 days before trial, and the trial court granted the motion. Neither ruling is assigned as error in this case.

of the offer the court shall give judgment to the defendant for the amount offered as just compensation for the property and *** costs and disbursements, attorney fees and expenses that are determined by the court to have been incurred before service of the offer on the defendant.").

The Wards petitioned to recover $270,995.19 in attorney fees and costs. Although the school district acknowledged that the Wards would be entitled to attorney fees under ORS 35.300, the school district opposed the amount requested. It contended, among other things, that the Wards had sought an unreasonable amount, that they had refused for some time to settle the case, and that they had continued to pursue an erroneous theory of valuation, which had needlessly driven up the cost of litigation.

The trial court considered the statutory factors enumerated in both ORS 20.075(1) and (2).[3] Addressing a number of factors under ORS 20.075(1), the court found that the Wards' valuation of the property to the eve of trial was not objectively reasonable.[4] First, as to the objective

---

[3] In a case "in which an award of attorney fees is *** required by statute," as it was in this case under ORS 30.300(2), ORS 20.075(2) provides that the trial court must consider the factors specified in ORS 20.075(1) "in determining the amount of an award of attorney fees" as well as the factors set out in ORS 20.075(2). *See Williams v. Salem Women's Clinic*, 245 Or App 476, 483 n 6, 263 P3d 1072 (2011) (factors in ORS 20.075(1) relevant when, under subsection (2), "the trial court decides the amount of fees that one party must pay the other").

[4] Under ORS 20.075(1), the factors that a court considers include:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

reasonableness of the claims, the court ruled that "despite defendants' subjective belief as to value, their basis for valuation, and thus their claim, was not objectively reasonable. As such, this factor does not support a full award of attorney fees to defendant." (Emphasis omitted.) *See* ORS 20.075(1)(b). Second, as to the extent to which an award would deter others from making meritless claims and defenses, the court ruled that "defendants' position as to value is not supported by Oregon law." *See* ORS 20.075(1)(d). Third as to the objective reasonableness of the parties, the court explained that, although counsel had acted in good faith, "defendants' claims as to value were not supported by Oregon law, and thus not objectively reasonable." *See* ORS 20.075(1)(e). Fourth, the court determined that "defendants were not objectively reasonable" in pursuing settlement. *See* ORS 20.075(f).

The court considered additional factors under ORS 20.075(2) in determining the amount of an award of attorney fees.[5] In relevant part, the court determined that there was an unreasonable expenditure of fees "outside the parameters of the lawsuit or in pursuit of claims not successful or deemed reasonable." *See* ORS 20.075(2)(a) (amount of hours expended). The court explained that the Wards

"received fair market value for the subject property. Despite that desired result, [they] cannot be said to have prevailed.

---

[5] In determining the amount of an award of attorney fees, in addition to the factors provided under subsection (1), under ORS 20.075(2), a trial court considers:

"(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

"(c) The fee customarily charged in the locality for similar legal services.

"(d) The amount involved in the controversy and the results obtained.

"(e) The time limitations imposed by the client or the circumstances of the case.

"(f) The nature and length of the attorney's professional relationship with the client.

"(g) The experience, reputation and ability of the attorney performing the services.

"(h) Whether the fee of the attorney is fixed or contingent."

First, they settled for the same exact amount that was previously offered and rejected. Their position was not improved, but neither was it without detriment. Large amounts of attorney and other fees were expended *on both sides* between the time of the original offer(s) and the settlement on the second day. By incurring these additional expenses themselves, [the school district] has *already paid* more than they might have for the purpose of securing the subject property at the amount they originally were willing to pay.

"In addition, despite having secured fair market value for their property, it was done so after [the Wards] had effectively lost the means to prevail at trial. Without the ability to amend or enter evidence not based on proscribed valuation criteria, the court could not see how [the Wards] could prevail at trial and as such, the settlement, although a just one, was unsurprising. It did not, however, leave [the Wards] in a good posture to recover fees."

(Emphases in original.) *See* ORS 20.075(2)(d) (amount involved in the controversy and results obtained).

In the end, the court entered a supplemental judgment awarding the Wards $107,170.00 in attorney fees, $14,957.07 for litigation expenses, $1,773.00 for filing and other fees, and $20,100.00 for appraisal and expert fees. The total award was for $144,000.07.

The Wards appeal, making two assignments of error. First, the Wards contend that the court erred in determining their valuation argument was not objectively reasonable. In the Wards' view, the court's determination was erroneous because the Wards had, in the course of the litigation, "submitted to the trial court substantial authority and analysis in support of their valuation argument." The Wards assert that their position is supported under Article I, section 18, of the Oregon Constitution, as well as the Fifth Amendment to the United States Constitution.[6] Second, they dispute the

---

[6] The "Takings Clause" of the Fifth Amendment provides, "[N]or shall private property be taken for public use, without just compensation." It applies to the states through the Due Process Clause of the Fourteenth Amendment. *State v. Hewitt Professional Group*, 321 Or 118, 131 n 7, 895 P2d 755 (1995) (citing *Nollan v. California Coastal Comm'n*, 483 US 825, 827, 107 S Ct 3141, 97 L Ed 2d 677 (1987)).

court's determination that they were not "objectively reasonable in pursuing settlement."[7]

The school district responds that the trial court did not err because the date of valuation is settled under Oregon law, the trial court properly considered the statutory factors, and the court did not abuse its discretion in determining the amount of the award in light of all of the factors.

In considering the factors under ORS 20.075(1), a trial court must base its decision on a totality of circumstances. *Jones v. Nava*, 264 Or App 235, 245, 331 P3d 1067 (2014). In this case, the totality of the circumstances centers on the legal determination that the Wards did not have an objectively reasonable claim as to valuation of the property for the purposes of eminent domain.

The Wards contended that the valuation of property that has been taken by eminent domain should be calculated as the value at the time of trial. That view is mistaken under Oregon caselaw. Article I, section 18, of the Oregon Constitution, provides that "[p]rivate property shall not be taken for public use * * * without just compensation." Critically, valuation of private property taken for public use "is measured as of the date the condemnation action is commenced or the date the condemnor enters on and appropriates the property, whichever first occurs." *State by Dept. of Trans. v. Lundberg*, 312 Or 568, 574 n 6, 825 P2d 641, *cert den*, 506 US 975 (1992); *see also ODOT v. Alderwoods*, 358 Or 501, 509 n 2, 366 P3d 316 (2015); *State Highway Com. v. Stumbo et al*, 222 Or 62, 74-77, 352 P2d 477 (1960); *ODOT v. Singh*, 257 Or App 322, 329, 306 P3d 745 (2013); *City of Harrisburg v. Leigh*, 254 Or App 558, 566, 295 P3d 138 (2013). The Wards' valuation argument is inconsistent with that long-standing legal conclusion.

The Wards fare no better with their federal analogy. They contend only that their view is consistent with *Kirby Forest Industries, Inc. v. United States*, 467 US 1, 104 S Ct 2187, 81 L Ed 2d 1 (1984). As the Wards acknowledge, however,

---

[7] The Wards add that the trial court erred in light of ORS 35.346, because the court "impermissibly considered purchase offers made outside the statutorily designated time frame for purposes of considering fees" by considering offers that plaintiff made in February 2012. We reject that argument without discussion.

the Court's analysis in *Kirby* followed the "straight condemnation" procedure outlined in *former* 40 USC section 257 (1984), *renumbered as* 40 USC § 3113 (2002), and *former* Federal Rule of Civil Procedure (FRCP) 71A (1984), *renumbered as* FRCP 71.1 (2007). The Wards nevertheless assert that those provisions "parallel the requirements of the Oregon condemnation statutes." The Wards contend that they "were objectively reasonable in requesting the trial court abide by the *Kirby* decision." We are unaware, however, of any authority, and the Wards do not point to any, applying the federal procedure in *Kirby* to Oregon's condemnation statutes or Oregon's constitutional law. The statutory process and rules of procedure for a federal taking does not make reasonable defendants' arguments concerning a taking by an Oregon entity.

We understand the Wards to argue that they met or exceeded an "objective reasonableness" standard because their position was not "entirely devoid of legal or factual support at the time it was made." In doing so, the Wards equate the standards for a frivolous claim with the relative assessment of objective reasonableness in determining the amount of fees to be awarded. *Compare Mattiza v. Foster*, 311 Or 1, 8, 803 P2d 723 (1990) (construing ORS 20.105) *with* ORS 20.075(1) (considerations for attorney fee awards). We cannot concur. The Wards have not demonstrated that their position on valuation of property was based on an objectively reasonable application of the law. *See Olson v. Howard*, 237 Or App 256, 269, 239 P3d 510 (2010) (objectively reasonable basis for asserting claim "is a function of the substantive law governing the claim" (internal quotation marks omitted)). The law in Oregon has been long-established, and, albeit in good faith, the Wards have asked that the trial court apply a contrary principle. We conclude that the trial court did not err in its assessment of the Wards' arguments.

The Wards also contend that the trial court erred in determining that they were "not objectively reasonable" in pursuing settlement. The trial court contemplated that the Wards had pursued a legally untenable theory—based on "proscribed valuation criteria"—and had "settled for the same exact amount that was previously offered and rejected" without any improvement of their legal or factual position.

*See Erwin v. Tetreault*, 155 Or App 205, 214-15, 964 P2d 277 (1998), *rev den*, 328 Or 330 (1999). Doing so, the court noted, came at great financial expense to both parties. The court did not err in its evaluation of the parties' pursuit of settlement.

Ultimately, the issue is whether the trial court abused its discretion in determining the amount of attorney fees, given the relevant statutory factors under ORS 20.075.[8] A trial court has "'substantial discretion'" in determining attorney fees. *See id.* at 210 (quoting *Griffin v. Tri-County Met.*, 112 Or App 575, 584, 831 P2d 42 (1992), *aff'd in part, rev'd in part on other grounds*, 318 Or 500, 870 P2d 808 (1994)). We conclude that, given the totality of circumstances in this case, the trial court's award of attorney fees was within the permissible bounds of its discretion. We affirm.

Affirmed.

---

[8] We need not revisit the Wards' contention that they were "objectively reasonable in rejecting [the school district's] initial offers" because they "had a valid claim that the date of valuation for assessing just compensation occurs at the date of trial." To the extent that that argument is the basis for the second assignment of error, we affirm for the reasons already discussed.