**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCILLE BECK, | No. 16-35816 |
| Plaintiff-Appellee, | D.C. No. 3:13-cv-00879-AC |
| v. | |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted May 10, 2018
Portland, Oregon

Before:  RAWLINSON and CHRISTEN, Circuit Judges, and BLOCK,[**] District Judge.

Defendant-Appellant Metropolitan Property and Casualty Insurance

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Company (Metropolitan) appeals the district court's order awarding attorney fees in favor of Plaintiff-Appellee Lucille Beck (Beck). Metropolitan acknowledges that Or. Rev. Stat. § 742.061 entitled Beck to fees, but contends that the district court improperly applied a 2.0 multiplier to determine the final fee award. Because the district court exercised diversity jurisdiction, state law governed the award of attorney fees. *See PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 828 (9th Cir. 2018). We review the award amount for abuse of discretion, and affirm. *See id.*

In a fifty-six page order, the district court thoughtfully, carefully, and thoroughly considered each of the factors set forth in Oregon Revised Statutes §§ 20.075(1), (2) in light of the record as a whole. *See McCarthy v. Oregon Freeze Dry, Inc.*, 957 P.2d 1200, 1208 (Or. 1998). The court adequately explained the nexus between these statutory factors and the multiplier. *See Migis v. Autozone, Inc.*, 387 P.3d 381, 404 (Or. Ct. App. 2016). Having overseen the proceedings for a number of years, the court had ample opportunity to observe the litigation posture of both parties and evaluate the fee request in light of those observations. Given the totality of the circumstances, the court did not abuse its "substantial discretion" in applying the multiplier. *See Beaverton Sch. Dist. 48j v. Ward*, 384 P.3d 158, 163 (Or. Ct. App. 2016); *see also Migis*, 387 P.3d at 404.

**AFFIRMED.**